Howard **WOODALL**, Appellant,

v.

Larry **CLARK**, Appellee.

No. 09–89–234 CV.

Court of Appeals of Texas, Beaumont.

Jan. 10, 1991.

Rex Woodard, Beaumont, for appellant.

Larry Clark, Phoenix, Ariz., pro se.

Before WALKER, C.J., and
BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This appeal is taken from a trial court order which struck appellant's original answer and cross-action pleadings as a "sanction" for failing to comply with a previous order issued by the trial court. Appellant raises two points of error, "The trial court erred in imposing sanctions against appellant arising out of appellant's failure to meet the court's requirements pertinent to a replevy bond", and "The trial court erred in dismissing appellant's pleadings and entering judgment for appellee." Although presented separately, appellant's brief argues the points together under what appears to be his true complaint that the trial court committed error in attempting to impose Rule 215 type sanctions in a non-discovery abuse situation.

For purposes of clarity, a recitation of the facts and procedural details is in order. Appellee filed suit on a note executed in connection with the sale of an automobile, as well as to recover funds that were allegedly owing as a result of an overbid trustee sale. Appellant, contending that he had paid the note, filed a cross-action seeking damages and title to the automobile. In connection with his Original Petition, appellee sought a pre-judgment Writ of Garnishment. The trial court granted the Writ of Garnishment and funds held by the Garnishee (NCNB Texas National Bank of Beaumont) were deposited into the registry of the court. Appellant posted a Replevy Bond, which was challenged by appellee. On April 17, 1989, the trial court ordered appellant to post a corporate surety replevy bond no later than April 21, 1989. This order was amended on May 1, 1989 to extend appellant's deadline for filing the corporate surety replevy bond to May 16, 1989. The deadline passed without appellant complying with the trial court's order. On May 19, 1989, appellee filed a Motion for Sanctions citing the missed deadlines as its basis. The Motion for Sanctions mentioned nothing with regard to Tex.R.Civ.P. Ann. 215 (Vernon Supp.1990), nor did it reference any other authority. On June 1, 1989, the trial court issued an "Order Awarding Sanctions" which essentially permitted appellant another chance at complying with the May 1, 1989 order. The "Order Awarding Sanctions" set out in great detail three methods appellant could choose from in order to satisfy the May 1, 1989 order. A new deadline was set for June 8, 1989 for appellant to comply, and in the event that he did not comply, then the order stated, "... this Court shall, on June 9, 1989, dismiss all of Howard Woodall's pleadings with prejudice, and enter judgment in favor of Plaintiff as prayed for." The "Order Awarding Sanctions" also awarded appellee's attorney $750.00 to be paid by June 26, 1989 "as attorneys (sic) fees in the form of sanctions awarded by this Court pursuant to this Order." Thereafter, on June 8, 1989, appellant filed a "Motion For Extension On Order Awarding Sanctions" in which appellant requested an extension of the deadline to June 22, 1989 for filing his corporate surety bond. On June 12, 1989, the trial court again formally approved an extension of the deadline, but only to June 16, 1989. The June 16, 1989 deadline passed without compliance by appellant with either May 1, 1989 or the June 1, 1989 orders. On June 19, 1989, the trial court entered its "Order Striking

Pleadings" in which the trial court found that appellant had failed to comply with its June 1, 1989 order. The trial court struck all pleadings of appellant, and entered judgment in favor of appellee in an amount to be established at a later hearing.

We note at the outset that in none of the orders of the trial court is Rule 215 cited as a basis for the action taken. Furthermore, in examining the record, the issue of discovery or its abuse is no where to be found. The appellate briefs indicate that there may have been hearings on the various motions filed by both parties, yet we are with the Statement of Facts from only one hearing; the one held on May 25, 1989. This hearing resulted in the order of June 1, 1989. As with all cases presented to this Court, we are mindful of TEX.R.APP.P. 50(d) which places the burden on the appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal. Taking these observations into consideration, we see the issue narrowed to whether or not the trial court abused its discretion in striking appellant's pleadings and cross-action for noncompliance with the order of June 1, 1989.

In reaching a decision in this case, we are guided almost exclusively by the recent Texas Supreme Court case of *Koslow's v. Mackie*, 796 S.W.2d 700 (Tex.1990). In *Koslow's*, the trial court entered an order striking the defendant's pleadings (said pleadings included defenses), and entered a default judgment against the defendants granting to plaintiffs the relief they requested. The reason the trial court struck the defendants' pleadings was that the trial court, based on TEX.R.CIV.PROC.ANN. 166 (Vernon 1976), requested both parties to meet and submit to the trial court a joint status report. The trial court set a specific due date for the joint status report to be submitted. The defendants failed to meet with plaintiffs, failed to file a status report with the trial court, failed to return phone calls from plaintiffs' attorney, and failed to appear at a disposition hearing at which time the trial court entered the order striking their pleadings.

On appeal, the Court of Appeals concluded that the trial court lacked authority under Rule 166 to order the parties to confer and submit a joint status report. The Court of Appeals appeared to have interpreted Rule 166 as requiring both parties to make a formal appearance before the trial court with regard to any pretrial conference, and not report to the trial court by mail as the *Koslow's* trial court requested. The Court of Appeals further reasoned that since Rule 166 did not apply, Rule 215–type sanctions also did not apply. In reversing the Court of Appeals, the Texas Supreme Court held, among other things, that Rule 166 was to be read in conjunction with TEX.GOV'T CODE ANN. Title 2, Subtitle F App., Rule 7 subd. a(6) (Vernon Supp. 1991), which provides for rules of judicial administration. Rule 7, subd. a(6) states, "A district or statutory county court judge shall: to the extent consistent with safeguarding the rights of litigants to the just processing of their causes, utilize methods to expedite the disposition of cases on the docket of the court, including...." Two of the included methods mentioned under subd. a(6) are the use of pretrial conferences to encourage settlement and narrow trial issues, and using telephone or mail in lieu of personal appearances. The Court stated that they could find nothing in Rule 166 that is repugnant to or inconsistent with the administrative rule, so they held that the trial court's power to require the parties to "appear before it" in Rule 166 includes the express power to order appearance by written report filed by mail. The Court further stated:

> Without the power to require appropriate action, the pretrial conference rule would be meaningless. Specifying the sanctions that may be imposed is appropriate to "aid in the disposition of the action" to compel the parties to obey the pretrial directive. We hold, therefore, that the trial court had power implicit under rule 166 to provide in his pretrial order that the refusal to participate in the status conference or the failure to file a timely joint status report would result in the cause's being "set for disposition hearing, at which time cause will have to be

shown why *dismissal, default, or other sanctions* should not be imposed." (emphasis theirs).

*Koslow's, supra* at 703.

 We see the dilemma faced by the trial court in *Koslow's* as directly analogous to the trial court's dilemma in the instant case. Both involved blatant noncompliance with a pretrial order. In the instant case, once appellant's Replevy Bond was challenged by appellee, a right provided to appellee by TEX.R.CIV.P. 664, the trial court was required to review, among other things, the sufficiency of the sureties. Rule 664 then sets out the following procedure:

> The court's determination may be made upon the basis of affidavits, if uncontroverted, setting forth such facts as would be admissible in evidence; otherwise, the parties shall submit evidence. The court shall forthwith enter its order either approving or modifying the requirements of the officer or of the court's prior order, and such order of the court shall supersede and control with respect to such matters.

Therefore, following the holding and rationale behind the Texas Supreme Court's decision in *Koslow's*, we hold that the trial court had power implicit under Rule 664 to provide in his pretrial order on June 1, 1989 that appellant's failure to comply with Paragraph I of said order would result in the dismissal of all of appellant's pleadings with prejudice, and an entering of judgment for the appellee on June 8, 1989. It is of no consequence that appellant was given an additional eight days to comply, and that the formal order striking appellant's pleadings was entered June 19, 1989. We feel we must echo the Court's sentiments in *Koslow's* by also saying that without the power to require appropriate action, Rule 664 permitting either party judicial review of the sufficiency of sureties would be meaningless, and specifying the sanctions that would be imposed was appropriate to compel appellant to obey the pretrial order. Since appellant makes no complaint regarding lack of notice, nor alleges the ruling was unjust, we further hold that the trial court's order was not an abuse of discretion.

 Additionally, we feel strongly guided by TEX.GOV'T CODE ANN. § 21.001(a) (Vernon 1988) which provides:

> A court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction.

We feel that § 21.001(a) provides a trial court with very broad powers in order to secure enforcement of its orders. In the instant case, the record reflects that appellant flagrantly violated several orders of the trial court. Section 21.001(a) empowered the trial court to strike appellant's pleadings and enter judgment for appellee in response to repeated noncompliance by appellant. Again, we find no abuse of discretion. Points of error one and two are overruled.

Having found no error, we affirm the judgment of the trial court.

AFFIRMED.