**Adrienne GALLIEN and Joseph Gallien, Appellants,**

v.

**WASHINGTON MUTUAL HOME LOANS, INC.; Fleet Mortgage Corporation, Appellees.**

No. 06–05–00090–CV.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 13, 2006.

Decided Dec. 8, 2006.

Jeffrey H. Karchmer, Houston, for appellants.

T. Michael Neville, T. Michael Neville & Associates, PC, Houston, for appellees.

Thomas C. Wright, R. Russell Hollenbeck and Steven A. Leyh, for Mortgage Source Ventures Corporation.

Before MORRISS, C.J., CARTER and CORNELIUS,* JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Joseph and Adrienne Gallien moved into their "dream home" but later, motivated in part by a pending foreclosure action against the house, brought suit against several entities involved in the Galliens' purchase of the home. There, the dream ended and a procedural nightmare began. At first glance, the Galliens' appeal appears to center on a summary judgment rendered against them.[1] But the procedural mechanisms employed before that summary judgment complicate the review of the trial court's disposition and make the appeal less of a summary judgment case than one relating to the trial court's order striking most of the Galliens' pleadings and effectively dismissing most of the Galliens' case with prejudice.

Because of three holdings—(1) the summary judgment, not the order striking pleadings, started the appellate timetable; (2) it was error to strike the Galliens' pleadings; and (3) the summary judgment was granted in error—we reverse the trial court's orders striking the Galliens' pleadings and granting summary judgment, and remand this case to the trial court.

---

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment.

1. Washington Mutual and Fleet Mortgage Company (Fleet) are the appellees remaining in this appeal. Appellees Kaufman and Broad Lone Star, L.P., Kaufman and Broad Mortgage Company, and San Antonio Title Company settled their disputes with the Galliens after submission of the appeal. On their motion, this Court severed the appeal as to those three appellees and dismissed that appeal. *See* cause number *Gallien v. Mortgage Source Ventures*, 06–06–00101–CV, 2006 WL 2947866 (2006). Mortgage Source Ventures Corporation (MSV) was never a party to the appeal.

*Background*

Through mostly interrelated entities, the Galliens' house in the Heritage Park Subdivision of Harris County was built, financed, and insured. In fifty-three paragraphs of their original pro se petition, the Galliens sought to certify a class of homeowners in their position and alleged twelve causes of action generally involving alleged improper charges, overly increased mortgage payments, and failures to handle taxes properly, thus adding to the Galliens' expenses. Notably, they also requested various forms of injunctive and declaratory relief.

The following is a time line of relevant events:

August 3, 2004  Galliens filed original petition

August 3, 2004  Trial court granted temporary restraining order stopping the foreclosure

August 31, 2004  Washington Mutual filed special exceptions to original petition

September 10, 2004  9:00 a.m.: hearing on special exceptions [2]

11:17  a.m.: first amended petition filed

September 14, 2004  Trial court signed order sustaining Washington Mutual's special exceptions only as to original petition

September 21, 2004  Washington Mutual filed second special exceptions in which it acknowledged that first amended petition was filed 09/10/04

November 18, 2004  Galliens filed second amended petition

January 14, 2005  Joint motion to strike filed

January 21, 2005  Trial court granted joint motion to strike with prejudice and MSV's separate motion to strike

February 10, 2005  All Defendants filed joint "No Cause of Action" motion for summary judgment

March 11, 2005  Trial court granted summary judgment and dismissed all claims with prejudice

A few of these events are especially noteworthy to our disposition of this appeal. Of the six original defendants, only MSV was purportedly granted special exceptions regarding the first amended petition. According to Washington Mutual and Fleet, the trial court orally granted those special exceptions October 15, 2004. The record on appeal, however, contains no documentation of that ruling, nor does it contain any order granting MSV's special exceptions. Washington Mutual did move for special exceptions relating to the first amended petition, but the trial court never sustained those exceptions.

Washington Mutual did obtain a ruling from the trial court sustaining its special exceptions to the Galliens' original petition, but the order sustaining those special exceptions was not granted until five days after the Galliens filed their first amended petition.[3] The record contains no special

---

**2.** With respect to the September 10, 2004, hearing, there is some controversy between Washington Mutual and the Galliens. The Galliens contend that they spoke with Washington Mutual's attorney on September 9 and explained that the hearing would be unnecessary since they were going to file their amended petition the following day. Regardless of whether that conversation took place, Washington Mutual did appear at the September 10 hearing. The trial court was concerned about the fact that it appeared that the Galliens had indicated the parties agreed to reset the hearing for October 8. Nevertheless, after Washington Mutual represented by letter to the trial court that no agreement had been reached to postpone the hearing, the trial court signed its order granting Washington Mutual's special exceptions on September 15, 2004.

**3.** The Galliens contend the trial court erred by sustaining Washington Mutual's special ex-

exceptions filed by Fleet challenging *any* of the Galliens' pleadings.

*(1) The Summary Judgment, Not the Order Striking Pleadings, Started the Appellate Timetable*

█ Washington Mutual and Fleet argue that the trial court's order striking the Galliens' pleadings was, for all purposes, the final judgment in this case since that order struck with prejudice all causes of action that the Galliens had asserted. Since the Galliens did not timely file a notice of appeal relating directly to the order striking those pleadings, according to Washington Mutual and Fleet, the instant appeal is untimely, and this Court is without jurisdiction over this appeal. We disagree.

█ Generally, one may appeal only from final orders or judgments unless a statutory provision authorizes an appeal from an interlocutory order. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992). To be a final judgment for purposes of appeal, the judgment must dispose of all parties and all issues. *See Martinez v. Humble Sand & Gravel*, 875 S.W.2d 311, 312 (Tex.1994). Here, the trial court granted the joint motion to strike and ordered the following:

> that Plaintiffs' Second Amended Verified Petition is struck in its entirety and strike [sic] paragraphs sixteen (16) through fifty-two (52) of Plaintiffs' First Amended Verified Petition are struck with prejudice to re-file or otherwise amend the same to reassert their claims for class action, nuisance, nuisance per se, DTPA violations, conversion, Texas Finance Code violations, RESPA violations, Texas Insurance Code violations, Truth in Lending Act violations, breach of fiduciary duty and duty to deal in good faith, breach of contract, usury, Fair Debt Collection Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, disgorgement, fraud, and false representation.

The order struck the majority of the causes of action asserted in the Galliens' pleadings. However, in paragraphs 55 and 56, the Galliens had sought injunctive and declaratory relief. Most notably, the Galliens sought a declaratory judgment regarding specified amounts relating to their modified loan, escrow account, and tax liability. While there is very little left after the trial court struck with prejudice the majority of the Galliens' pleadings, these remaining allegations constitute sufficient live pleadings such that we can conclude the order striking pleadings was not a final order for purposes of appeal.[4]

---

ceptions as to their original petition. We note the possibility that the Galliens waived any error as to this point by filing their amended pleadings. *See Dodson v. Citizens State Bank of Dalhart*, 701 S.W.2d 89, 95 (Tex.App.-Amarillo 1986, writ ref'd n.r.e.) (holding that party waives complaint about court's action sustaining special exceptions when party files amended pleading to conform with those exceptions). *But see Mulvey v. Mobil Producing Tex. & N.M., Inc.*, 147 S.W.3d 594, 604 (Tex. App.-Corpus Christi 2004, pet. denied) (expressly rejecting *Dodson's* approach and concluding that party who amends his or her pleadings does not waive ability to contest order sustaining special exceptions on ap-

peal). However, we recognize that the timing of the trial court's order sustaining those special exceptions clouds this issue since the Galliens had voluntarily amended their pleadings before the trial court signed its order. At any rate, disposition of this particular point is not necessary to the disposition of the appeal. *See* TEX R.APP. P. 47.1.

4. Since the second amended petition was struck in its entirety, the order striking would have the effect of "reviving" what portions of the first amended petition were not struck. *See* TEX.R. CIV. P. 65.

We conclude that the trial court's order granting the joint motion to strike was not the final judgment in this case. The Galliens' failure to appeal from the order striking the majority of their pleadings does not divest this Court of jurisdiction over this appeal when the order striking the pleadings did not dispose of all the Galliens' claims. We overrule the contention that this Court lacks jurisdiction over this appeal.

## (2) It Was Error to Strike the Galliens' Pleadings

The subsequent summary judgment which concluded that no issues remained and formally disposed of the Galliens' entire case is the final judgment from which we have measured the applicable appellate timetables. The trial court based its summary judgment on the position that the order striking the amended pleadings left no viable causes of action. We know that, on that basis, the trial court could not have properly disposed of the claims contained in the pleadings not struck. In order to properly determine whether summary judgment was proper as to the claims included in the struck pleadings, we must first examine whether the trial court properly struck with prejudice those pleadings.

## (a) Characterizing the Joint Motion to Strike

Generally, in the context of challenging amended pleadings, a motion to strike serves to voice the movant's objection to the filing of the amended pleading on the basis of surprise or prejudice. *See Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 940 (Tex.1990); *Estate of Menifee v. Barrett*, 795 S.W.2d 810, 812 (Tex.App.-Texarkana 1990, no writ).[5] Here, the joint motion to strike takes on a somewhat different purpose, specifically objecting to the Galliens' failure to comply with each of MSV's special exceptions.[6] The motion to strike also relied on the failure of the Galliens to timely amend their petition in accordance with the October 25 deadline purportedly established by the order sustaining MSV's special exceptions.

In the manner in which this motion to strike relies on purportedly sustained special exceptions, the motion to strike seems more like a motion to dismiss, similar to the procedure followed in *Cruz v. Morris*, 877 S.W.2d 45, 47 (Tex.App.-Houston [14th Dist.] 1994, no writ).[7] To

---

5. Rule 63 of the Texas Rules of Civil Procedure provides that the trial court must grant leave to file an amendment unless there is a showing that the amendment will operate as a surprise to the opposing party. *See* Tex.R. Civ. P. 63; *Barrett*, 795 S.W.2d at 812.

6. "The nomenclature of the motion is not controlling for it is well established that the court looks to substance rather than to form in determining the nature of relief or action sought by the party." *Susanoil, Inc. v. Cont'l Oil Co.*, 516 S.W.2d 260, 264 n. 4 (Tex.Civ. App.-San Antonio 1973, no writ). The San Antonio court continued:

   Irrespective of whether you term this document a motion to strike, a speaking demurrer, a general demurrer, or a special exception, the result was that a take-nothing judgment was entered thereon on the morning that it was filed, without appellants having the opportunity to amend or to present evidence. The court's judgment had the same effect as if a summary judgment had been granted, without going through the requisites of summary judgment procedure, or as if a general demurrer had been sustained under the old general demurrer practice.

   *Id.* at 263–64.

7. A motion to strike the whole pleadings can have the same effect as a general demurrer. *See Susanoil*, 516 S.W.2d at 264. To the extent that this motion to strike accomplishes the same purpose as that of a general demurrer, we note that the Texas Rules of Civil Procedure expressly prohibit the use of such a vehicle. *See* Tex.R. Civ. P. 90; *Fort Bend*

the extent that a motion to strike, in and of itself, serves as a substantive attack on the amended pleadings, it is an improper procedural mechanism. *See Rodriguez v. United States Sec. Assocs.*, 162 S.W.3d 868 (Tex.App.-Houston [14th Dist.] 2005, no pet.); *Centennial Ins. Co. v. Commercial Union Ins. Cos.*, 803 S.W.2d 479, 482–83 (Tex.App.-Houston [14th Dist.] 1991, no writ); *Susanoil*, 516 S.W.2d at 263–64. For this purpose, the rules provide an established mechanism in the form of special exceptions.[8] *See* Tex.R. Civ. P. 90, 91. Similarly, to the extent that the motion to strike relies on MSV's special exceptions as a means for striking any noncomplying pleadings, it also lacks a basis.

*(b) Oral Ruling on MSV's Special Exceptions Cannot Serve as Basis for Motion to Strike*

■ In their motion to strike, Washington Mutual and Fleet relied on the trial court's oral ruling on MSV's special exceptions to the first amended petition to argue that the Galliens' second amended petition was untimely and that the amended pleadings failed to comply with the trial court's order granting MSV's special exceptions.

We need not address whether MSV's special exceptions would allow other parties to move on the basis of those special exceptions because, here, the record contains no written order sustaining MSV's special exceptions. Without a written order on the special exceptions, MSV waived its special exceptions. *See Tex.-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 141 (Tex. App.-Texarkana 2000, no pet.); *Smith v. Grace*, 919 S.W.2d 673, 678 (Tex.App.-Dallas 1996, writ denied). Contrary to Washington Mutual's and Fleet's position, any oral ruling on a motion for special exceptions may not serve as the basis for their joint motion to strike. That said, we proceed as though no special exceptions were sustained with respect to the Galliens' amended pleadings.

*(c) Striking With Prejudice as Dismissal*

■ Even if the circumstances surrounding this cause authorized the trial court to strike the Galliens' pleadings, the designation that the pleadings were struck with prejudice further complicates matters. This designation transforms the order striking the pleadings into something more. The absence of any special exceptions relating to the amended pleadings means, essentially, that the Galliens' pleadings were struck with prejudice and without allowing them an opportunity to replead. In effect, the trial court's order striking the pleadings with prejudice actually disposed of the majority of the Galliens' case.[9]

■ First, we note that, as a general rule, the trial court cannot dismiss a suit

---

County v. Wilson, 825 S.W.2d 251, 253 (Tex. App.-Houston [14th Dist.] 1992, no writ).

8. Special exceptions may be used to challenge the sufficiency of a pleading. *See* Tex.R. Civ. P. 91; *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex.1998). When the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleading. *Parker v. Barefield*, 206 S.W.3d 119, 120 (Tex. 2006). If a party refuses to amend, or the amended pleading fails to state a cause of action, then summary judgment may be granted. *Id.* Summary judgment may also be proper if a

pleading deficiency is of the type that could not be cured by an amendment. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972).

9. Whether we treat the trial court's order as simply an order striking pleadings or as the functional equivalent of a dismissal, we would apply the abuse of discretion standard of review. *See Hisaw & Assocs. Gen. Contrs., Inc. v. Cornerstone Concrete Sys.*, 115 S.W.3d 16, 20 (Tex.App.-Fort Worth 2003, pet. denied); *Humphreys v. Meadows*, 938 S.W.2d 750, 753 (Tex.App.-Fort Worth 1996, writ denied).

with prejudice when the plaintiff does not cure the objections made by special exceptions. *See Humphreys,* 938 S.W.2d at 753; *Kutch v. Del Mar College,* 831 S.W.2d 506, 508 (Tex.App.-Corpus Christi 1992, no writ). More specifically, a trial court cannot dismiss a plaintiff's entire case with prejudice if the pleadings state a valid cause of action, but are vague, overbroad, or otherwise susceptible to valid special exceptions. *See Kutch,* 831 S.W.2d at 508.

Second, we look to *Rodriguez* for guidance on how to analyze a case in which a motion to strike was similarly used to effect a dismissal. 162 S.W.3d at 873. In *Rodriguez,* the court pointed out that the Texas Rules of Civil Procedure do not authorize use of a motion to strike as it was used in that case to summarily dismiss Rodriguez' claims without an opportunity to replead. *Id.*

The Fourteenth court went on to thoroughly explain the complications and difficulties in reviewing a case in which a motion to strike was so used:

As this court explained in *Centennial,* motions for summary judgment and special exceptions provide well-settled procedural guidelines and protections, but motions to dismiss claims for failing to state a cause of action do not. *Centennial,* 803 S.W.2d at 483. Under the Texas Rules of Civil Procedure, the proper way for a defendant to urge that a plaintiff has failed to plead a cause of action is by special exception. *Id.*

The circumstances of this case illustrate the dangers of dismissing claims using an unauthorized procedural vehicle like the motion to strike used here. First, the motion was not properly denominated in accordance with the rules of civil procedure. Second, it triggered no specified timetables or protective procedures. Third, it was granted without an opportunity for Rodriguez to amend his pleading before his claims were stricken. On appeal, the lack of any established procedures or guidelines presents us with additional difficulties. It is not clear what standard of review we are to apply to the trial court's action. In its brief, USSA mentions the abuse-of-discretion standard, but at oral argument, it suggested de novo review was appropriate, and admitted that it found no cases addressing the appropriate standard of review to apply. We also have had difficulty interpreting the motion as a pleading that is authorized by the rules of civil procedure. The motion to strike cannot be considered a motion for summary judgment, because it did not comply with the specific procedures outlined in Texas Rule of Civil Procedure 166a. *See* Tex.R. Civ. P. 166a(c) (specifying requirements of summary judgment motion and proceedings). Likewise, it cannot be interpreted as special exceptions because it was not denominated as such, and neither the parties nor the court treated the motion to strike as special exceptions.

*Id.* at 874. We echo the Fourteenth court's frustration here. In many ways, it appears that Washington Mutual and Fleet utilized their motion to strike in such a way as to make it unclear how to review the trial court's decision to grant the motion to strike and its subsequent order granting summary judgment. From the motion to strike, it is clear Washington Mutual and Fleet were concerned with both the timeliness of the second amended petition and the substance of the amendments. It is also clear that, although no special exceptions had been sustained as to these amended pleadings, the trial court's order summarily disposed of the bulk of the Galliens' case without affording them their opportunity to replead.[10] As the

---

10. We must explain that the Galliens did have     the right to replead. We again note our con-

*Rodriguez* court points out, the Texas Rules of Civil Procedure do not authorize this course of action as means of summarily dismissing a plaintiff's claims without the opportunity to replead. *See id.* at 873.

In *Humphreys*, the Fort Worth court pointed out that a trial court may not dismiss a case for a pleading defect unless the trial court first affords the party an opportunity to amend and cure the defect. 938 S.W.2d at 753. Since Meadows did not file special exceptions to Humphreys' amendment, the court concluded the trial court abused its discretion in dismissing the case. *See id.* The Fort Worth court relied heavily on the *Albright* decision:

> In [*Albright*], after the trial court sustained the defendants' special exceptions, the plaintiffs filed two amended pleadings. *Albright*, 859 S.W.2d at 582. The defendants then filed a motion to dismiss without first filing special exceptions to the plaintiffs' second amended pleading. *Id.* The trial court dismissed the plaintiffs' case without giving the plaintiffs the opportunity to amend their revised pleadings. *Albright*, 859 S.W.2d at 582–583. The court of appeals reversed the trial court's dismissal, finding that the plaintiffs were entitled to the opportunity to amend. *Albright*, 859 S.W.2d at 583. We agree with that analysis. Because neither Meadows nor Wayman specially excepted to Hum-

phreys's "Amendment to Petition" and the trial court did not grant any special exception to the "Amendment" or allow Humphreys the opportunity to cure any defects in the "Amendment," we hold that the trial court abused its discretion in dismissing Humphreys's case based on insufficiency of the pleadings.

*Humphreys*, 938 S.W.2d at 754.

Of course, dismissal might be appropriate in certain circumstances. The Dallas court has concluded that, pursuant to Section 21.001(a) of the Texas Government Code,[11] a trial court has the inherent power to strike a party's pleadings and enter judgment for the opposing party in response to repeated noncompliance with the trial court's orders. *See Sherman v. Triton Energy Corp.*, 124 S.W.3d 272, 279–80 (Tex.App.-Dallas 2003, pet. denied) (citing *Woodall v. Clark*, 802 S.W.2d 415, 418 (Tex.App.-Beaumont 1991, no writ)). Specifically, "[i]f the trial court sustains special exceptions and requires a party to replead, the litigant must obey the order and file a curative amendment or suffer the consequences of dismissal." *See Hefley v. Sentry Ins. Co.*, 131 S.W.3d 63, 65 (Tex. App.-San Antonio 2003, pet. denied).

The instant case is unlike the *Sherman* and *Hefley* cases in that no special exceptions had been sustained as to the amended pleadings and, as stated, the Galliens

cern regarding the effect of the trial court's granting of special exceptions to the Galliens' original petition when they had already filed their first amended petition. Even if these special exceptions to the original petition are of effect, however, the Galliens' first amended petition represents a good-faith effort to comply with the special exceptions and, therefore, entitled them to another opportunity to remedy any pleading defects. *See Humphreys*, 938 S.W.2d at 753 (holding that, if plaintiff makes good-faith attempt to amend his or her petition in response to trial court's sustaining of defendant's special exceptions, trial court may not dismiss plaintiff's amended petition

unless defendant files special exceptions to revised pleadings, court sustains the new special exceptions, and court gives plaintiff opportunity to amend revised pleadings).

11. Section 21.001(a) provides for the "inherent power and duty of courts" as follows: "A court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction." TEX. GOV'T CODE ANN. § 21.001(a) (Vernon 2004).

had voluntarily amended their original petition before the trial court sustained the special exceptions to the original petition. That is, their first amended petition was not a response to the trial court's order sustaining special exceptions. Therefore, their amended pleadings could not fairly be measured against those special exceptions when the trial court had not yet sustained them at the time the Galliens filed their first amended petition. So, essentially, the Galliens had not been specifically ordered to amend their original petition. The Galliens, unlike the plaintiffs in *Sherman* and *Hefley*, had not had the opportunity to amend in an attempt to comply with the trial court's orders sustaining special exceptions. And, therefore, the Galliens should not have had to suffer the "consequences of dismissal" on these facts.

Here, the net effect of the trial court's order striking the bulk of the Galliens' pleadings with prejudice is the dismissal of the Galliens' case without allowing them an opportunity to amend their pleadings. Relying on the rationale in *Rodriguez* and drawing on the similarities between the instant case and the *Humphreys* and *Albright* decisions, we conclude the trial court abused its discretion by striking with prejudice the majority of the Galliens' pleadings.

*(d) Local Rule Regarding Failure to File Written Response Cannot Determine Merits of Case*

As an additional argument to support the summary judgment and the order striking pleadings, Washington Mutual and Fleet rely on Harris County Local Rule 3.3.2 to argue that the Galliens did not oppose the motion to strike because they did not file a written response to the motion. Local Rule 3.3.2 relates to motions and responses and provides simply: "Responses shall be in writing and shall be accompanied by a proposed order. Fail-

ure to file a response may be considered a representation of no opposition." HARRIS (TEX.) CIV. DIST. CT. R. 3.3.2.

█ The Fourteenth Court of Appeals has written a great deal on local rules in general. "No court in Texas is authorized or empowered to enact or amend rules of civil procedure that would be inconsistent with the rules promulgated by the supreme court." *Centennial Ins. Co.*, 803 S.W.2d at 482; *see also Polk v. Southwest Crossing Homeowners Ass'n*, 165 S.W.3d 89, 93 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). More specifically, the Fourteenth court has considered Rule 3.3.2 and concluded that, when an opponent to a motion to strike made his or her opposition otherwise clear by opposing the motion at the hearing, his or her failure to file a written response to the motion did not lead to the conclusion that the motion was unopposed under Rule 3.3.2. *See Hooper v. Chittaluru*, No. 14–05–00058–CV, —— S.W.3d ——, ———–——, 2006 WL 1766002, 2006 Tex.App. LEXIS 5532, at *16–17 (Tex.App.-Houston [14th Dist.] Mar. 28, 2006, no pet.) (not designated for publication). The trial court would have abused its discretion had it granted the motion solely on such basis. *Id.*

Rule 3.3.2 may not be applied to have the effect proposed by Washington Mutual and Fleet. The Texas Rules of Civil Procedure provide specific limitations on the enactment and application of local rules:

Each administrative judicial region, district court, county court, county court at law, and probate court, may make and amend local rules governing practice before such courts, provided:

(1) that any proposed rule or amendment shall not be inconsistent with these rules or with any rule of the administrative judicial region in which the court is located;

. . . .

(6) no local rule, order, or practice of any court, other than local rules and amendments which fully comply with all requirements of this Rule 3a, shall ever be applied to determine the merits of any matter.

TEX.R. CIV. P. 3a(1), (6). Therefore, we conclude application of Rule 3.3.2 cannot serve as a substitute for deciding whether the trial court properly granted the motions to strike—or the motion for summary judgment discussed below. The Texas Rules of Civil Procedure simply will not allow such a result.

Striking the Galliens' pleadings was error.

*(3) The Summary Judgment Was Granted in Error*

■ While Washington Mutual and Fleet used their motion to strike to improperly challenge the Galliens' amended pleadings, the trial court did not—at the same time as it struck the pleadings— formally dismiss the case (even though the order did disallow the Galliens' refiling or amending their causes of action). So, in that way, the instant case may be slightly different than that faced by the *Rodriguez* court, although it could be said that the order striking the Galliens' pleadings *with prejudice to their refiling* is the functional equivalent of a dismissal. Here, the trial court formally dismissed the case later by granting Washington Mutual's and Fleet's motion for no cause of action summary judgment.

Because the order striking the second amended petition and the majority of the first amended petition left viable causes of action and because the trial court improperly struck with prejudice the other pleadings, the trial court's order granting summary judgment on the basis that the Galliens had no causes of action remaining was, likewise, improper.

■ When Washington Mutual and Fleet thought the Galliens' amended pleadings failed to comply with prior special exceptions, Washington Mutual and Fleet arguably could have filed a motion for summary judgment on the grounds that the amended pleading remained defective.[12] Summary judgment based on a pleading deficiency may be proper if a party has had an opportunity by special exception to amend and fails to do so, or files an additional defective pleading. *See Tex. Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974). Summary judgment may also be proper if a pleading deficiency is of the type that could not be cured by an amendment. *See Swilley*, 488 S.W.2d at 67.

Washington Mutual's and Fleet's "no cause of action" motion for summary judgment granted here would initially seem to be just such a motion for summary judgment based on pleading deficiencies. However, after closer inspection, we see that the summary judgment at issue is not such a motion. Instead, the motion for summary judgment, here, explains that all pleadings had been struck with prejudice and that the Galliens had no remaining causes of action; it does not directly speak to the sufficiency of the Galliens' amended pleadings. Nor, as we have detailed, are there any special exceptions as to these amended pleadings that would serve as the

12. This, of course, assumes that the special exceptions granted with respect to the original petition were of some force even though the trial court granted the special exceptions to the original petition after the Galliens had filed their amended petition. When the plaintiff has a viable cause of action but pleaded it defectively, the defendant should first file special exceptions, rather than a motion for summary judgment. *Friesenhahn*, 960 S.W.2d at 659; *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994).

predicate for a "no cause of action" summary judgment. *See Herring,* 513 S.W.2d at 10. The trial court's order specifically refers to the motion for summary judgment, grants the motion, and goes on to formally dismiss the Galliens' case with prejudice.

The Fourteenth Court of Appeals, from which this case was transferred, heard a case similar in many respects to the instant case. In *Granado v. Madsen,* a motion to strike and summary judgment were similarly used to achieve dismissal. 729 S.W.2d 866 (Tex.App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.). The *Granado* court first addressed which order should control the appeal: the order striking and dismissing or the order granting summary judgment. *Id.* at 870. The court arrived at the conclusion that it would review the trial court's order striking and dismissing, rather than its later order granting summary judgment:

> The order was of no effect for two reasons. First, on that date the plaintiffs had no live pleadings asserting claims against Dr. Madsen and, hence, there existed no cause of action against which summary judgment could have been granted.
>
> The summary judgment order was a nullity. We therefore find that the order of the court striking the Granados' pleadings and dismissing with prejudice their cause against Dr. Madsen to be the controlling order of this appeal.

*Id.* In a rather critical tone, the court went on to sustain the Granados' contention that the trial court abused its discretion in granting Madsen's motion to strike and in dismissing with prejudice the claims against Madsen. *Id.* at 870–71. The court pointed out that dismissal when issues are disputed without affording the parties their right to a full trial on the merits is an extraordinary sanction allowed only in lim-

ited circumstances, none of which were presented by the facts of that case. *Id.* at 871. Likewise, dismissal of the Galliens' case is equally unreasonable in light of their good-faith attempts to amend their petition and the failure of Washington Mutual and Fleet to follow the established special exceptions procedure to challenge the amended pleading in a proper manner.

We conclude the trial court's order granting summary judgment was improper. We, therefore, reverse the trial court's order granting summary judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

*Conclusion*

This case demonstrates the improper use of the motion to strike as a means to challenge the sufficiency of the pleadings. Here, the use of that procedural mechanism erroneously denied the Galliens' procedural rights. Such an action is reversible error. Accordingly, we reverse the trial court's orders striking the Galliens' pleadings and granting summary judgment, and remand the case for further proceedings consistent with this opinion.