Opinion issued October 23, 2008

 



     







In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00051-CV




DR. RICHARD GOTT AND WANDA GOTT, Appellants

V.

RICE CONSOLIDATED INDEPENDENT SCHOOL DISTRICT,
SUPERINTENDENT MICHAEL LANIER, BETTY SCHIURRING, JOE
LEE PEREZ, VIVIAN SPANIHEL, and CAROLYN BAIRD, Appellees




On Appeal from the 25th District Court
Colorado County, Texas
Trial Court Cause No. 21,464


                                         
 
MEMORANDUM OPINION
          Appellants, Dr. Richard and Wanda Gott, appeal the trial court’s judgement
dismissing their claims against Rice Consolidated Independent School District
(“RCISD”), Superintendent Michael Lanier, Betty Schiurring, Joe Lee Perez, Vivian
Spanihel, Carolyn Baird (collectively, “the Individual Defendants,” and collectively
with RCISD, the “School Defendants”).


 The trial court dismissed the Gotts’ claims
against the School Defendants, with prejudice, after the Gotts failed to amend their
pleadings pursuant to an agreed order granting the School Defendants’ special
exceptions. We determine whether (1) the Gotts preserved their complaints regarding
the trial court’s rendering of a dismissal “with prejudice,” and its denial of the Gotts’
motion for new trial and (2) whether the trial court abused its discretion in not
granting relief on the Gotts’ motion for temporary stay under Texas Rule of Civil
Procedure 5(b) and dismissing the Gotts’ claims. We affirm the judgment.
Background
A.      The Original Petition
          Richard Gott served as the Superintendent of RCISD from 1994 until 2004. 
Wanda Gott was employed as an administrative secretary for RCISD during the same
time period. In 2004, Richard Gott was terminated from his position and Wanda’s
employment with RCISD also ended.


 On February 3, 2006, the Gotts sued RCISD,
individual members of the Board of Trustees, the Superintendent of the school
district, and JR 3 Education Associates, L.L.P., alleging that the RCISD board had
illegally terminated Richard’s employment and that all defendants “had failed to
abide by the law or terms of the agreement with Richard.” The petition also alleged
that the School Defendants had engaged in discriminatory practices and noted that the
Gotts had filed charges of discrimination and had received notices of dismissal and
the right to sue.
B.      The Special Exceptions and the Agreed Order
          On April 12, 2006, the School Defendants filed special exceptions to the Gotts’
original petition, asserting that the Gotts (1) failed to provide the proposed discovery
level; (2) failed to plead sufficient facts so that the defendants had fair notice of the
claims against them; (3) failed properly to state causes of action in breach of contract,
employment discrimination, or retaliation; (4) failed to state a claim against the
Individual Defendants; (5) improperly pleaded for punitive damages against RCISD;
and (6) failed to state the maximum amount of damages for which the Gotts were
suing. The School Defendants requested that the Gotts be ordered to replead and to
cure the defects within 14 days of the court’s order and that the Gotts’ “pleading be
stricken and this case dismissed, with prejudice, if [the Gotts] fail to comply with the
Court’s order and cure these pleading defects by the Court-imposed deadline.” 
          The Gotts did not file any response to the special exceptions, but entered into 
an agreed order with the School Defendants, signed by the trial court on July 17,
2006. In the order, the trial court granted all of the special exceptions, ordered the
Gotts to replead in accordance with the special exceptions within 30 days of the
order, and ordered that the amended petition omit all claims against the Individual
Defendants, except those alleged against Lanier in his official capacity as
Superintendent of RCISD. 
C.     The Motion to Dismiss, the Response, and the Motion for Temporary
Stay

          The Gotts failed to file amended pleadings by the required date,


 and, on
August 29, 2006, the School Defendants filed a motion to strike the petition and to
dismiss all claims against them. The School Defendants averred that the Gotts had
been given an opportunity to amend the pleading, but had failed to do so, and that
dismissal was therefore appropriate. The School Defendants did not specifically
request, in that motion, that the dismissal be with prejudice.
          That same day, the Gotts filed a response to the motion, which included a 
motion for temporary stay. The response explained that the Gotts’ attorney, a solo
practitioner, had been having health issues and had recently suffered the death of a
close family member. It further detailed that the attorney had been advised by his
doctor not to engage in contested matters or trials and noted that the attorney “had
moved and is moving for a temporary stay in all pending court appearances, state and
federal.” Attached as an exhibit was a letter from the attorney’s cardiologist, dated
July 21, 2006, recommending that the attorney “significantly reduce his immediate
work-related activities during the next 90 days, and refrain from trial and/or contested
court appearances during that time in order that [the doctor] might further evaluate
his medication and condition.” The Gotts prayed that all deadlines in the action
“existing prior to or at the time of July 21, 2006” be continued and stayed until
October 15, 2006 and that all deadlines be rescheduled.    The motion did not make
any reference to the required amended pleadings, nor did it contain any request for
leave to file late amended pleadings. It also did not include either an affidavit or a
valid verification.


 There is no record of any hearing or ruling on the motion for stay.
          On September 7, 2006, the trial court held a hearing on the motion to strike
pleadings and to dismiss claims. The Gotts did not appear at the hearing either in
person or by counsel. The court granted the motion to dismiss on that day, dismissing
all of the Gotts’ claims against the School Defendants with prejudice. 
D.      The Motion for New Trial
          The Gotts filed a motion for new trial on October 10, 2006. In the motion, the
Gotts referenced their counsel’s medical difficulties and attempt to present a motion
to stay and argued that the trial court should grant a new trial because it erred in
dismissing the Gotts’ claims 
(1) “when the only and agreed action pursuant to the Agreed Order on
Defendants’ Special Exceptions was that individual claims against
individual defendants would be dismissed by Plaintiffs” and 
 
(2) when “even though the court did not make an express finding, the
court seemingly and implicitly found that [the School Defendants’]
Motion to Dismiss should be granted dismissing claims against all
District defendants, even those who were not to benefit from the
agreed order (the District and Sup’t Lanier officially) wherein
Plaintiff on July 12, 2006, agreed to replead on or before August 13,
2006, specifically during the hiatus of [the Gotts’] counsel’s medical
downtime.” 

(Emphasis in original.) 
          The Gotts concluded that it was “manifestly unjust” for their “claims to be
dismissed for failure to amend to dismiss various individual defendants in their
individual capacity . . . during a time when [the Gotts’] counsel was medically
incapacitated” and such fact was known to counsel for the School Defendants. 
          The motion included two exhibits: an affidavit from the Gotts’ attorney, which
attached the same letter from counsel’s cardiologist that had been attached to the
motion to stay, and a document entitled “Plaintiffs’ First Amended Original
Petition.”


 
          After a hearing on the motion for new trial, the trial court denied the motion
without specifying a particular basis for its ruling. 
The Challenges on Appeal
          On appeal, the Gotts complain of the trial court’s (1) implied denial of their
motion for temporary stay, (2) grant of the School Defendants’ motion to dismiss, and
(3) denial of the Gotts’ motion for new trial. The Gotts challenge all three rulings in
each of their three issues on appeal. They also advance the same three arguments in
support of their challenges to each of the three rulings. Specifically, the Gotts assert
that the trial court erred in its disposition of each of the three motions because (1) the
Gotts pleaded good cause to enlarge the time and to stay the deadlines to allow
amendment of the pleadings under Texas Rule of Civil Procedure 5(b); (2) the motion
to strike was an unauthorized procedural mechanism to substantively attack the Gotts’
pleadings, and the trial court improperly dismissed the pleadings without giving the
Gotts an opportunity to amend and when the petition stated a valid cause of action;
and (3) it was an abuse of discretion for the trial court to impose the “death penalty”
sanction of dismissal of the claims with prejudice in its ruling on the motion to strike. 
         We will address the Gotts’ complaints by reviewing each challenged ruling in
turn and considering the arguments advanced in each of the three issues raised as they
may apply to the ruling being challenged.
The Trial Court’s Implicit Denial of the Motion for Temporary Stay
          Before considering the Gotts’ arguments as to this “ruling,” we first note that
the trial court never actually rendered either a written or an oral ruling on the motion
for temporary stay. The Gotts did not lodge any written or oral objections to the trial
court’s failure to rule on their motion for temporary stay. The Gotts do not assert on
appeal that any implied ruling was made, nor do they address how they preserved any
error given the absence of a ruling on this motion. 
          Nevertheless, an implicit ruling is sufficient to preserve error, Tex. R. App. P.
33.1(a)(2)(A), and when a trial court’s express ruling on one motion necessarily
implies a contrary ruling on an opposing motion, the trial court may be deemed to
have implicitly ruled on the opposing motion. See Salinas v. Rafati, 948 S.W.2d 286,
288 (Tex. 1997). In the present case, the trial court’s granting of the motion to
dismiss, premised on the fact that the Gotts had not filed amended pleadings by the
required deadline, necessarily implied a denial of the Gotts’ motion for temporary
stay, which requested a continuation of all deadlines that existed prior to July 21,
2006—which would have included the deadline for the filing of amended pleadings. 
Cf. In re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003) (holding that trial court’s act of
proceeding to trial without issuing requested bench warrant was implicit denial of
request). We therefore review the Gotts’ complaint as to the implicit denial of their
motion for temporary stay.
          The Gotts argue on appeal that the trial court erred in denying their motion for
temporary stay because (1) they pleaded good cause to enlarge the time and to stay
the deadlines to allow amendment of the pleadings under Texas Rule of Civil
Procedure 5(b); (2) the motion to strike was an unauthorized procedural mechanism
to substantively attack the Gotts’ pleadings and the trial court improperly dismissed
the pleadings without giving the Gotts an opportunity to amend and when the petition
stated a valid cause of action; and (3) it was an abuse of discretion for the trial court
to impose the “death penalty” sanction of dismissal of the claims with prejudice in
ruling on the motion to strike. Because the last two arguments relate exclusively to
the trial court’s ruling on the motion to strike, we consider here only their first
argument which relates to the denial of their motion for temporary stay.
 
          In their “good cause” argument on appeal, the Gotts rely on Texas Rule of Civil
Procedure 5, specifically subsection (b), which gives the trial court discretion to 
permit an act to be done after the expiration of a specified period for action when
good cause is shown for the failure to act, and Woods v. Woods, 193 S.W.3d 720
(Tex. App.—Beaumont 2006, pet. denied), which they cite to as providing the
standard for evaluating whether a party has established good cause. The Gotts argue
that they met the elements of good cause set out in Woods because (1) the “verified
pleadings, the notarized affidavit of Larry Watts and the July 21, 2006
correspondence of [counsel’s physician], all support that [the Gotts’] failure to timely
file [amended pleadings] was not because [the Gotts] did not care or the result of
conscious indifference, but because [the Gotts’] counsel was ill”


 and (2) “allowing
the late response will occasion no undue delay . . . [and] [the School] Defendants did
not plead or prove with sufficient evidence that . . . [the Gotts’] failure to amend
resulted in any delay or injury to the Defendants.”
          The applicable portion of Texas Rule of Civil Procedure 5 reads as follows:
 
          Rule 5. Enlargement of Time
When by these rules or by a notice given thereunder or by order of the
court an act is required or allowed to be done at or within a specified
time, the court for cause shown may, at any time in its discretion (a)
with or without motion or notice, order the period enlarged if
application therefor is made before the expiration of the period
originally prescribed or as extended by a previous order; or (b) upon
motion permit the act to be done after the expiration of the specified
period where good cause is shown for the failure to act. . . .
 
Tex. R. Civ. P. 5.
          Assuming, without deciding, that the motion for temporary stay put the trial
court on notice that the Gotts were really seeking relief under rule 5,


 we hold that the
trial court did not abuse its discretion in implicitly denying such relief. If the motion
for temporary stay was an attempt to invoke rule 5, it asked only for the relief
obtainable under subsection (a)—an enlargement of time—rather than the relief
proper to subsection (b)—leave to perform the act, despite the expiration of the
deadline, or in this case, leave to file the amended pleadings, even though the
deadline had passed. The trial court could not have abused its discretion in not
granting an enlargement of time under subsection (a) because the time period
originally prescribed had already expired. Likewise, the trial court could not have
abused its discretion in not granting leave to file late amended pleadings under
subsection (b), upon a showing of good cause for failing to have timely filed the
pleadings, because no request for leave to file was ever made and no pleadings were
actually presented to the court for late filing.


 Woods, relied on by the Gotts,
illustrates this point, holding, “If a party files [a pleading] late, Rule 5(b) authorizes
the trial court ‘upon motion’ to permit the late filing, if the movant shows good cause
for the failure to act.” Woods, 193 S.W.3d at 722 (holding same in case in which party
had filed objections late and trial court subsequently implicitly determined party had
not established good cause for late filing); see also Carpenter v. Cimarron
Hydrocarbons Corp., 98 S.W.3d 682, 685–88 (Tex. 2002) (relied upon by Woods;
discussing rule 5 and what constitutes good cause in context of motion for leave to
file untimely response, after party had filed motion for leave to file untimely response
with proposed response attached). 
          Subsection (b) of rule 5 would have given the trial court in the present case the
authority to permit the late filing of amended pleadings, if the Gotts had so requested
and the court had found good cause for the Gotts’ failure to file the pleadings in a
timely fashion. However, unlike the applicable parties in Woods and Carpenter, the
Gotts did not actually file a late pleading or seek leave to file a late pleading; all they
asked for was a temporary stay and continuance. Subsection (b) of rule 5 was
inapplicable to the motion that was actually filed and the relief that was actually
requested, and accordingly we hold that there was no abuse of discretion by the trial
court in not having granted relief under rule 5. 
The Trial Court’s Grant of the Motion to DismissThe Gotts also contend that the trial court erred in granting the School
Defendants’ motion to dismiss the Gotts’ pleadings, challenging this ruling on the
same three legal grounds asserted for their other complaints, averring that the trial
court should not have granted the motion to dismiss because (1) the Gotts pleaded
good cause to enlarge the time and to stay the deadlines to allow amendment of the
pleadings under Texas Rule of Civil Procedure 5(b); (2) the motion to strike was an
unauthorized procedural mechanism to substantively attack the Gotts’ pleadings and
the trial court improperly dismissed the pleadings without giving the Gotts an
opportunity to amend and when the petition stated a valid cause of action; and (3) it
was an abuse of discretion for the trial court to impose the “death penalty” sanction
of dismissal of the claims with prejudice in ruling on the motion to strike. 
          In considering the Gotts’ arguments, we note that the first contention is actually
a complaint as to the trial court’s implied ruling on the motion for temporary stay. 
Only the last two arguments pertain to the trial court’s ruling granting the motion to
dismiss, and it is those two, therefore, that we consider in reviewing that ruling.
          “The standard of review of a trial court’s dismissal upon special exceptions is
de novo on the legal question of whether the pleading stated a cause of action,” and
the reviewing court accepts “as true all of the factual allegations set forth in the
pleading.” Sanchez v. Huntsville Indep. Sch. Dist., 844 S.W.2d 286, 288 (Tex.
App.—Houston [1st Dist.] 1992, no writ.). In such a review, we first consider, under
an abuse-of-discretion standard, whether the trial court properly granted the special
exceptions. Id.; see also Cole v. Hall, 864 S.W.2d 563, 566 (Tex. App.—Dallas
1993, writ dism’d w.o.j.). If the trial court did not abuse its discretion in granting the
special exceptions, and the plaintiff does not amend the petition after being given an
opportunity to do so, the trial court does not abuse its discretion in dismissing the
plaintiff’s action. Sanchez, 844 S.W.2d at 291–92; Cole, 864 S.W.2d at 566. 
 
          In the present case, because the Gotts agreed to the granting of the special
exceptions, we do not review the correctness of the trial court’s ruling on the special
exceptions. See Tex. R. App. P. 33.1(a)(1)(A) (requiring complaint to have been
made to trial court in order for complaint to have been preserved for appeal); Counts
v. Counts, 358 S.W.2d 192, 199 (Tex. Civ. App.—Austin 1962, writ dism’d w.o.j.)
(holding that party who agreed to order sustaining special exception could not
complain of the sustaining of special exception on appeal). By agreeing to the trial
court’s granting of all of the special exceptions, including exceptions pertaining to
the failure of the petition to state a cause of action,


 the Gotts’ are estopped now from
asserting that their original petition did, in fact, state a cause of action. See Counts,
358 S.W.2d at 199. We accordingly consider only (1) whether the trial court abused
its discretion in dismissing the Gotts’ claims after the Gotts’ failure to replead by the
given deadline and, if not, (2) whether the court abused its discretion in ordering a
dismissal with prejudice, rather than without prejudice.
A.      Dismissal for Failure Timely to Replead
          The Gotts aver that the trial court erred in granting the motion to dismiss
because the motion was an unauthorized procedural mechanism to substantively
attack their pleadings, citing to Gallien v. Washington Mut. Home Loans, Inc., 209
S.W.3d 856 (Tex. App.—Texarkana 2006, no pet.), and assert that their petition
should not have been dismissed without giving them an opportunity to amend their
pleadings. 
          We conclude that the posture of the instant case is readily distinguishable from
that of the case before the court of appeals in Gallien. In Gallien, defendant
Washington Mutual filed special exceptions to the Galliens’ original petition. Id. at
859. After the hearing on that motion, but before an order was signed, the Galliens
filed an amended petition. Id. The trial court granted the special exceptions to the
original petition, and Washington Mutual filed additional special exceptions
acknowledging the filing of the first amended petition. Id. The trial court never
sustained those exceptions. Id. Another party, MSV, also filed special exceptions to
the first amended petition, which were purportedly granted orally, but no written
order was ever entered. Id. The Galliens then filed a second amended petition. Id. 
No party ever filed any special exceptions to the second amended petition. Id. 
Washington Mutual and another party then filed a joint motion to strike the second
amended petition, arguing that the secondamended petition was untimely and the
amended pleadings did not comply with MSV’s special exceptions to the first
amended petition. Id. at 862. The trial court dismissed the second amended petition
without ever having any special exceptions filed or ruled on regarding that petition
and without giving the plaintiffs any opportunity to amend their amended pleadings. 
 Id. The court of appeals condemned such a summary dismissal. Id. The Gallien
court, in terming the motion to strike filed in that case an “improper procedural
mechanism,” contrasted it to the “established mechanism” provided in the Texas
Rules of Civil Procedure, namely, that of special exceptions. Id. at 861–62.
          It was precisely this established mechanism of special exceptions that was
followed in the case before us. The School Defendants first filed special exceptions,
which the trial court sustained upon the parties’ agreement. The trial court then
provided the Gotts an opportunity to amend their pleadings. The Gotts did not amend
their pleadings, and the School Defendants then filed a motion to dismiss based on
the Gotts’ failure to amend the petition as ordered upon the sustaining of the School
Defendants’ special exceptions. The mechanism utilized in the present case, rather
than being prohibited, is well-established in Texas jurisprudence. See Tex. Dep’t of
Corr.v. Herring, 513 S.W.2d 6, 10 (Tex. 1974) (holding that special exception, not
summary judgment, is proper procedure when plaintiff failed to state cause of action
and that court may dismiss case when special exceptions are sustained, plaintiff is
given opportunity to amend, and plaintiff still fails to state cause of action).


 The
trial court in the instant case gave the Gotts an opportunity to amend their pleadings,
allowing them 30 days from the date of the agreed order granting the special
exceptions in which to amend. The Gotts failed to do so. 
            The Gotts nevertheless contend on appeal that the trial court did not give them
an opportunity to amend before striking their pleadings, noting that they requested a
stay of the missed original deadline so that they could amend their petition. They cite
no authority that would support the proposition that a trial court fails to provide a
plaintiff an “opportunity to amend” when it does not grant a plaintiff additional
opportunities to amend after the plaintiff fails to amend during the original
opportunity given by the court. We find no authority that requires a trial court to
extend its original deadline for the amendment of pleadings for such length of time
as plaintiffs may request, in order for a plaintiff to have had an “opportunity to
amend.”  
 
          The Gotts failed to amend their petition to comply with the sustained special
exceptions after having been given an opportunity to do so.


 We hold, therefore, that
the trial court did not abuse its discretion in dismissing the Gotts’ claims. See
Herring, 513 S.W.2d at 10; Sanchez, 844 S.W.2d at 291–92; Cole, 864 S.W.2d at
566.
B.      Dismissal with Prejudice
          The Gotts further complain that the trial court abused its discretion in
dismissing their claims “with prejudice,” arguing that, in doing so, the trial court
imposed “‘death penalty’ sanctions” when “there was not a direct relationship
between the imposed sanction and the offensive conduct.” They further allege that
the imposed “sanction was severe and excessive and did not satisfy the legitimate
purpose to obtain compliance for filing the pleading late” and contend that the Gotts
“did not demonstrate a callous disregard for the rules or flagrant bad faith.” Finally,
they assert that the trial court did not consider “lesser sanctions” and that “lesser
sanctions [would] have been effective” and contend that the case was not exceptional
and that there was no showing that such a sanction was “clearly justified.” The Gotts
rely on Gallien and Kutch v. Del Mar College, 831 S.W.2d 506 (Tex. App.—Corpus
Christi 1992, no writ), for support and argue that the appropriateness of the dismissal
with prejudice should be reviewed under the two-part test set out in TransAmerican
Natural Gas Corp. v. Powell, 811 S.W.2d 913 (Tex. 1991). The Gotts also refer us
to Cire v. Cummings, 134 S.W.3d 835 (Tex. 2004), and cases cited therein. 
          We first observe that the Gotts did not complain to the trial court that the
dismissal “with prejudice” was an excessive and inappropriate “death penalty”
sanction, suggest that lesser sanctions should be imposed, or request the trial court
to modify its order of dismissal from one “with prejudice” to one “without
prejudice.”


 In general, a party cannot raise for the first time on appeal an issue that
was not presented to the trial court by way of a timely request, motion, or objection.
Tex. R. App. P. 33.1(a)(1); McCain v. NME Hosps., Inc., 856 S.W.2d 751, 755 (Tex.
App.—Dallas 1993, no writ) (complaint that dismissal of case with prejudice was not
appropriate sanction was not preserved for appellate review because it was not raised
in trial court); Andrews v. ABJ Adjusters, Inc., 800 S.W.2d 567, 568–69 (Tex.
App.—Houston [14th Dist.] 1990, writ denied) (op. on reh’g) (holding that appellant
failed to preserve complaint that trial court improperly dismissed claim “with
prejudice” by not presenting alleged error first to trial court). The Gotts did file a
motion for new trial complaining of the dismissal of their pleadings, but their sole
argument was that the trial court should not have dismissed the Gotts’ claims against
all of the School Defendants for the Gotts’ failure to amend the pleadings pursuant
to the special exceptions when the Gotts had actually agreed only to amend the
pleadings to dismiss the claims against the individual defendants. Such contentions
would not have alerted the trial court to complaints that the order of dismissal “with
prejudice” was an inappropriate and excessive sanction because there was no showing
that such a sanction was clearly justified, that the case was not exceptional, that the
sanction did not satisfy the legitimate purpose to obtain compliance for filing the
pleading late, that there was not a direct relationship between the imposed sanction
and the offensive conduct, and that the Gotts did not demonstrate a callous disregard
for the rules or flagrant bad faith. Cf. D/FW Commercial Roofing Co. v. Mehra, 854
S.W.2d 182, 189 (Tex. App.—Dallas 1993, no writ) (holding that appellant’s motion
for new trial, which alleged that evidence was insufficient to support damages
awarded, did not alert trial court to complaint of double recovery asserted on appeal). 
We therefore hold that the Gotts failed to preserve this complaint for appellate
review.



The Trial Court’s Denial of the Motion for New Trial
          The Gotts also challenge the trial court’s denial of their motion for new trial 
on the same three legal bases as their challenges to the trial court’s rulings on the
motion for temporary stay and the motion to dismiss, arguing that the trial court
should have granted the motion for new trial because (1) the Gotts pleaded good
cause to enlarge the time and to stay the deadlines to allow amendment of the
pleadings under Texas Rule of Civil Procedure 5(b); (2) the motion to strike was an
unauthorized procedural mechanism to substantively attack the Gotts’ pleadings and
the trial court improperly dismissed the pleadings without giving the Gotts an
opportunity to amend and when the petition stated a valid cause of action; and (3) it
was an abuse of discretion for the trial court to impose the “death penalty” sanction
of dismissal of the claims with prejudice in ruling on the motion to strike.
          In their motion for new trial, the Gotts did not assert any of those arguments. 
Rather, their sole argument was that the trial court should grant a new trial because
the agreed order on special exceptions was intended only to be an agreement to
remove any claims against defendants in their individual capacities, and, therefore,
the claims against RCISD, and Michael Lanier in his capacity as superintendent,
should not have been struck or dismissed.
          The grounds asserted on appeal for the grant of the motion for new trial are
different from the grounds asserted to the trial court below. The Gotts may not now
enlarge their complaint on appeal to include grounds never raised before the trial
court. See C.M. Ashfahl Agency v. Tensor, Inc., 135 S.W.3d 768, 797 (Tex.
App.—Houston [1st Dist.] 2004, no pet.). We will not find an abuse of discretion for
failure to grant a new trial on grounds that were never presented to, and so were never
considered by, the trial court. See Gerdes v. Kennamer, 155 S.W.3d 523, 532 (Tex.
App.—Corpus Christi 2004, pet. denied) (declaring that motion for new trial that
states one legal theory cannot be used to support a different legal theory on appeal
and holding that issue was waived); D/FW Commercial Roofing, 854 S.W.2d at 189
(noting that trial court could not have been expected to address specific complaint
when motion for new trial did not assert such complaint and holding that complaint
not preserved for review). Conclusion
          We overrule all of the Gotts’ issues on appeal and affirm the judgment of the
trial court. 
 

                                                                        Tim Taft
Justice


Panel consists of Justices Taft, Keyes, and Alcala.