UNITED STATES FIDELITY AND
GUARANTY COMPANY,
Appellant,

v.

Bennie BEUHLER et al., Appellees.

No. 8336.

Court of Civil Appeals of Texas,
Beaumont.

March 27, 1980.

Richard N. Evans, Beaumont, for appellant.

James H. Campbell, Houston, for appellees.

CLAYTON, Justice.

Appellant, United States Fidelity and Guaranty Company (USF&G) appeals from an order of the trial court dismissing its cause of action.

This is the second appeal from orders of the trial court in this same litigation. This cause was originally brought by USF&G in

the District Court as an appeal from the Industrial Accident Board's approval of an agreement concerning nursing services rendered to Bennie Beuhler, one of the defendants in the original proceeding. The trial court in that proceeding granted USF&G's motion for summary judgment and set aside the agreement. Beuhler appealed from such judgment, and our court reversed the trial court and dismissed USF&G's cause of action for the reason that the cause of action asserted by USF&G in the court below was an appeal from an "approval of an agreement entered into by and between the parties" and such was not an award or order of the Industrial Accident Board from which an appeal could be taken. In an unpublished opinion, *Beuhler v. United States Fidelity & Guaranty Company*, No. 8173 (Tex.Civ.App.—Beaumont, Nov. 16, 1978), we entered the order that "The judgment of the trial court is reversed, and appellee's [USF&G's] cause of action is dismissed." USF&G did not sue out a writ of error to the Supreme Court.

On January 12, 1979, subsequent to our opinion dismissing USF&G's cause of action, it filed its "First Amended Original Petition" in the same original proceeding, under the same cause number, in the same district court, complaining of the same agreement made by the parties and in its prayer for relief prayed that upon a "final hearing hereof the court set aside the agreement and hold it for naught and enter a declaratory judgment as to its meaning."

Upon a hearing, the trial court, based upon our opinion in the previous appeal, entered the following order.

"It is, therefore, ORDERED, ADJUDGED AND DECREED BY THE DISTRICT COURT . . . that the cause of action, or causes of action, pled by the said [USF&G], being the appellee in the said Court of Civil Appeals, is hereby dismissed without prejudice.

"It is further ORDERED BY THE DISTRICT COURT that all court costs herein be taxed one-half (½) to Bennie Beuhler, et al., and one-half (½) to [USF&G]."

This order was signed and entered April 5, 1979.

By two points of error, USF&G complains of error in "dismissing the plaintiff's causes of action asserted [by] its First Amended Original Petition" and in "deciding that the Court of Civil Appeals dismissed the causes of action asserted by the plaintiff in its First Amended Original Petition."

USF&G contends it had the right to amend its original petition filed in the trial court and to proceed to trial thereon after this court had dismissed its cause of action. It argues the amended petition sets forth a new cause of action and such had not been dismissed by this court.

In a previous appeal, we dismissed USF&G's cause of action. This was an effectual dismissal of plaintiff's (USF&G's) case. The filing of an amended petition following the dismissal of the case could not vacate the order of dismissal or reinstate the case upon the docket of the trial court. Even in cases where plaintiff has voluntarily dismissed his case, it cannot be reinstated solely by reason of an amended pleading. When the plaintiff's suit has been terminated, either voluntarily or involuntarily by a formal order of dismissal, the case cannot, in the absence of a valid order vacating and reinstating the previous proceedings, be further prosecuted by filing an amended petition and attempting to proceed thereon, even though the amended petition attempts to allege a new and different cause of action. Any further prosecution of the same suit, which has been dismissed, must be by commencing an action *de novo*, and the suit as brought *de novo* may be instituted in any court of competent jurisdiction. *Brown v. Nelms*, 374 S.W.2d 917 (Tex.Civ.App.—Fort Worth 1964, no writ); *Sowell v. Jones*, 4 S.W. 620 (Tex.1887).

The cases cited by USF&G as authority permitting it to file its amended petition involve cases which had been reversed and remanded for new trial. When a case has been remanded, the cause is pending and amended pleadings may be filed in pending cases pursuant to *Tex.R.*

*Civ.P. 63.* But in the case at bar, there had not been a remand. The case was not pending; it had been dismissed. The authorities cited by USF&G are not applicable. These two points are overruled.

Appellees, by proper cross-point, complain of error in failing to dismiss USF&G's cause of action "with prejudice."

 An order of dismissal of a cause of action is not an adjudication of the rights of the parties. It merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought. *Crofts v. Court of Civil Appeals for the Eighth Supreme Judicial District*, 362 S.W.2d 101 (Tex.1962). Since there has been no adjudication of the rights of the parties as to the matters alleged in the amended petition, and a right still exists to bring a new and independent suit as to such matters, the trial court did not err in dismissing without prejudice. *Schenker v. City of San Antonio*, 369 S.W.2d 626 (Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.). This point is overruled.

 By their second cross-point, appellees complain of error in taxing one-half (½) of the court costs to them and one-half (½) to USF&G.

*Tex.R.Civ.P. 131* provides: "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." *Tex.R.Civ.P. 141* provides: "The court may, for good cause, to be stated in the record, adjudge the costs otherwise than as provided by law or these rules." It is evident appellees were the successful parties in the proceedings below. The cause for adjudging one-half of the costs against them is not stated in the record. The trial judge did not adjudge the costs in accordance with *Rules 131* and *141*. This point must be sustained. *Page v. Key*, 175 S.W.2d 443 (Tex.Civ.App.—Eastland 1943, writ ref'd w. o. m.); *Harris v. Shotwell*, 490 S.W.2d 860 (Tex.Civ.App.—Fort Worth 1973, no writ).

The judgment of the trial court in dismissing this proceeding is affirmed. That part of the judgment assessing one-half of court costs to appellees is reversed, and we hereby render judgment that all costs incurred in the court below are assessed against USF&G. All costs of this appeal are assessed against USF&G.

AFFIRMED in part and REVERSED and RENDERED in part.