COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-358-CV

 

 

ERNEST REYNOLDS III                                                          APPELLANT

 

                                                   V.

 

MICHAEL
MURPHY A/K/A                                                        APPELLEE

AND F/K/A JOHN MICHAEL
MURPHY

 

                                              ------------

 

            FROM THE 17TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








This case involves a summary judgment that was
affirmed by this court on all but one of the plaintiff=s claims
upon which the defendants had failed to move for summary judgment; this court
reversed and remanded the summary judgment as to that claim.  Reynolds v. Murphy, 188 S.W.3d 252,
275 (Tex. App.CFort Worth 2006, pet. denied), cert.
denied, 127 S. Ct. 1839 (2007).  Upon
remand, appellee and defendant below, Michael Murphy a/k/a and f/k/a John
Michael Murphy, filed for summary judgment as to that claimCthat he
and his publisher, Phillips Investment Resources, L.L.C., had engaged in fraud
and misrepresentation by failing to disclose appellee=s past
performance as a fund manager.  Appellant
Ernest Reynolds III, the plaintiff below, then amended his petitionComitting
Phillips as a party[1]
and adding additional causes of action against appellee, sought a continuance,
and moved to compel further discovery as to the additional claims.  In response to appellee=s
requests, the trial court struck the amended pleading and refused to allow
further discovery.  Appellant filed a
mandamus, which this court denied. 
Appellant then nonsuited his claims against appellee for the purpose of
rendering final and appealable the trial court=s
rulings striking his amended pleading and freezing discovery.








On appeal, appellant brings two issues:  that the trial court erred by holding that
this court=s opinion and mandate in the
prior appeal deprived him of his right to freely amend his pleadings under rule
63 of the Texas Rules of Civil Procedure and the trial court erred in freezing
discovery, thus preventing appellant from deposing appellee.  Because this court=s prior
opinion and mandate did not expressly preclude appellant from including
additional claims in the suit, we reverse the trial court=s
judgment and remand for further proceedings on appellant=s
amended petition.

Background
Facts

Appellant originally sued
appellee and Phillips in June 2002 for negligence, fraud, and DTPA violations
in connection with stock market losses that appellant allegedly suffered after
investing in accordance with recommendations made by appellee in a newsletter
published by Phillips.  Id. at 257B58.  The trial court granted a final summary
judgment for appellee and Phillips.  On
appeal, this court affirmed most of the summary judgment but reversed and
remanded as to one claim upon which appellee and Phillips had failed to
specifically move for summary judgment.  Id.
at 275.








After this court=s
mandate issued, on March 21, 2007, appellant notified appellee that he wished
to take appellee=s deposition and the deposition
of Phillips=s principal.[2]  Thereafter, on March 29, 2007, appellee and
Phillips filed a second motion for summary judgment as to the surviving
claim.  They also filed a Motion to Stay
Discovery, Motion to Quash, and Motion For a Protective Order, in which they
moved to quash the deposition notices and stay all discovery until the trial
court could rule on the second motion for summary judgment. 

On May 7, 2007, appellant filed a Third Amended
Petition, omitting Phillips as a party, adding two new causes of actionCviolation
of Texas securities laws and the business and commerce code and breach of
fiduciary duty, while retaining his claims for fraud and misrepresentation
against appelleeCand seeking discovery from
appellee as to those two claims.  That
same day, appellant also filed a motion for continuance on the summary judgment
hearing, asking that the hearing on the motion be delayed until he could obtain
full discovery on his claims and asking the court to compel appellee=s
deposition.  








On May 9, 2007, appellee filed ASpecial
Exceptions, Motion to Strike Plaintiff=s Third
Amended Petition, and Response to Plaintiff=s
Motions to Compel and For Continuance,@ in
which he argued that the claims asserted in appellant=s Third
Amended Petition exceeded the scope of the remand in this court=s
mandate from the prior appeal, that the additional claims are barred by the law
of the case doctrine, and that appellant had failed to Ademonstrate
the utility of any further discovery on his claims, thereby thwarting the need
for any continuance of the summary judgment hearing.@  Appellee specifically contended, among other
things, that this court=s mandate contained only a
limited remand, with specific instructions to retry only one particular issue,
precluding appellant from trying any additional issues. 

After a hearing on appellee=s
special exceptions and motion to strike, the trial court issued a fax ruling,
stating that appellee=s Amotion
to strike additional causes of action is granted, as are the exceptions.  The Court believes
the . . . single issue left to determine under the
direction of the Court of Appeals is a question of Duty which is a question of
law, [and] the [d]iscovery is ordered frozen.@  On May 10, 2007, appellant nonsuited
Phillips, but Aspecifically [did] not request@ a
nonsuit as to appellee. 








Appellant filed a mandamus petition in this court
on July 20, 2007 challenging the trial court=s order striking
appellant=s new pleading and freezing
discovery.  This court ultimately denied
appellant=s mandamus petition.  Appellant then filed a ANon-suit,
Without Prejudice, of Claim Against Murphy@ in the
trial court, purporting to nonsuit appellant=s Asingle
active, remaining claim@ against appellee, but also
specifically stating that appellant was not Aabandon[ing]
or waiv[ing] any of his legal rights (such rights include, but are not limited
to, right to due process, rights to discovery, and rights to appeal from trial
court rulings made in a letter order on or about May 21, 2007).@  The nonsuit filing also states that it was Afiled for
the purpose, procedurally, of perfecting a right to an appeal@ and
that it was to have the effect of a final judgment.  

After nonsuiting appellee, appellant timely filed
a notice of appeal.

Issues Presented

Appellant brings two issues complaining about the
trial court=s ruling striking his Third
Amended Petition and freezing discovery in the case.  In his first issue, appellant contends that
the trial court erred by holding that this court=s
opinion and mandate in the prior appeal deprives appellant of his right to
freely amend his pleadings under rule 63 of the rules of civil procedure.  In his second issue, appellant contends that the
trial court erred by freezing discovery and preventing appellant from taking
appellee=s
deposition.  In response, appellee
contends that, regardless of the merits of appellant=s
issues, the nonsuit rendered the case moot, depriving this court of subject
matter jurisdiction over the appeal. 
Because appellee=s argument involves this court=s
subject matter jurisdiction, we address it first.  See Bd. of Adjustment of City of San Antonio
v. Wende, 92 S.W.3d 424, 426 (Tex. 2002); McClure v. JPMorgan Chase Bank,
147 S.W.3d 648, 651 (Tex. App.CFort
Worth 2004, pet. denied).








Whether
Nonsuit Renders This Appeal Moot

Appellee claims that appellant=s
nonsuiting his remaining claim against appellee after the trial court struck
his Third Amended Petition vitiated the trial court=s
rulings striking his amended petition and freezing discovery.  According to appellee, this mooted the case,
and we therefore have no subject matter jurisdiction over the appeal.[3]








Under the classic mootness doctrine, a
justiciable controversy is definite and concrete and must impact the legal
relations of parties having adverse legal interests.  Aetna Life Ins. Co. of Hartford Conn. v.
Haworth, 300 U.S. 227, 240B41, 57
S. Ct. 461, 464 (1937); McClure, 147 S.W.3d at 651.  Our jurisdiction is restricted to such actual
controversies.  Camarena v. Tex.
Employment Comm=n, 754
S.W.2d 149, 151 (Tex. 1988); McClure, 147 S.W.3d at 651.  A controversy must exist between the parties
at every stage of the legal proceeding, including the appeal.  Wende, 92 S.W.3d at 427; McClure,
147 S.W.3d at 651.  Thus, when an appeal
is moot, we must set aside the judgment and dismiss the cause.  McClure, 147 S.W.3d at 651; City of
Fort Worth v. Pastusek Indus., Inc., 48 S.W.3d 366, 371 (Tex. App.CFort
Worth 2001, no pet.).

Texas Rule of Civil Procedure 162 permits a
plaintiff to voluntarily dismiss or nonsuit a case A[a]t any
time before the plaintiff has introduced all of his evidence other than
rebuttal evidence.@ 
Tex. R. Civ. P. 162; Univ.
of Tex. Med. Branch at Galveston v. Estate of Blackmon ex. rel. Shultz, 195
S.W.3d 98, 100 (Tex. 2006); Yaquinto v. Britt, 188 S.W.3d 819, 824 (Tex.
App.CFort
Worth 2006, pet. denied).  Courts in
Texas have held that Aa plaintiff has a right to take
a nonsuit after the defendant files a motion for summary judgment, up to the
time the court announces a summary judgment.@  McClure, 147 S.W.3d at 652.  Although a nonsuit may have the effect of
vitiating a trial court=s earlier interlocutory orders,
a nonsuit does not vitiate a trial court=s
previously‑made decisions on the merits, such as a summary judgment, or
even a partial summary judgment, which becomes final upon disposition of the
other issues in the case.  Hyundai
Motor Co. v. Alvarado, 892 S.W.2d 853, 854B55 (Tex.
1995); McClure, 147 S.W.3d at 652; see also Newco Drilling Co.
v. Weyand, 960 S.W.2d 654, 656 (Tex. 1998) (holding that court of appeals
erred by failing to review merits of partial summary judgment after plaintiffs
allowed their case to be dismissed for want of prosecution).








The parties disagree as to whether the trial
court=s
rulings striking appellant=s
amended petition are equivalent to a decision on the merits as to the new
claims in the amended petition.  Appellee
contends that the rulings were merely incidental interlocutory rulings because
they did not involve any judgments on the merits of those claims, citing Le
v. Kilpatrick, 112 S.W.3d 631, 633B34 (Tex.
App.CTyler
2003, no pet.), a case involving an interlocutory denial of a special
appearance.








Here, appellee=s motion
to strike and special exceptions complained of substantive issues as to
appellant=s Third Amended Petition;
specifically, they contended that appellant was not entitled to maintain the
new causes of action and that he was not entitled to discovery on those causes
of action.  A motion to strike that
attacks the substance of an amended pleading, even if based on special
exceptions, is an improper procedural mechanism.  Gallien v. Wash. Mut. Home Loans, Inc.,
209 S.W.3d 856, 861B62 (Tex. App.CTexarkana
2006, no pet.).  Here, by striking not
appellant=s Third Amended Petition, but,
specifically, his new causes of action in that petition, and by refusing to
allow discovery on those causes of action, the trial court effected a dismissal
of those causes of action with prejudice without affording appellant an
opportunity to replead.  See id. at
861B62.  Such a dismissal is improper.  Id. at 865; see Rodriguez v. U.S.
Sec. Assocs., 162 S.W.3d 868, 872B75 (Tex.
App.CHouston
[14th Dist.] 2005, no pet.); Humphreys v. Meadows, 938 S.W.2d 750, 753
(Tex. App.CFort Worth 1996, writ
denied).  In essence, by precluding
appellant from pursuing those claims in the suit, the trial court effected the
same type of disposition as a dismissal or a partial summary judgment precluding
consideration of those claims.  See  Scherff v. Mo. Pac. Ry. Co., 81 Tex. 471,
17 S.W. 39, 40 (1891); Gallien, 209 S.W.3d at 865.  Accordingly, we conclude and hold that
appellant=s nonsuit of its sole remaining
claim did not vitiate the trial court=s
rulings effectively barring him from pursuing his new claims and that we have
subject matter jurisdiction to consider this appeal.  See Hyundai, 892 S.W.2d at 854B55; McClure,
147 S.W.3d at 652.  We deny appellee=s motion
to dismiss the appeal.

Whether This Court=s Remand
in Prior Appeal Limited Appellant=s

Ability to Plead New Causes of Action








In the trial court, appellee contended that
appellant was not entitled to bring any new causes of action because this court=s
mandate limited remand to appellant=s sole
surviving claim after summary judgmentCthat
appellee and Phillips had engaged in fraud and misrepresentation by failing to
disclose appellee=s past performance as a fund
manager.  Appellant contended, and
contends on appeal, that such an interpretation of this court=s
mandate is in conflict with rule 63 of the rules of civil procedure, which
allows parties to file amended pleadings without leave of court up to seven
days before trial unless the amendment works as a surprise to the opposing
party or unless the trial court has set a different date in a scheduling order
under rule 166.  Tex. R. Civ. P. 63, 166; In re Estate of Henry, 250
S.W.3d 518, 526 (Tex. App.CDallas
2008, no pet.); see also Tex. R.
Civ. P. 66 (providing for pleadings to be amended during trial).  Here, appellee did not claim surprise as a
result of the new claims in the Third Amended Petition, nor is there evidence
that any scheduling order supplanted the general rule.  Accordingly, we look to the language of our
mandate and case law governing the scope of remand.

Generally, A[w]hen a
case has been remanded, the cause is pending and amended pleadings may be filed
in pending cases pursuant to [rule] 63.@  U.S. Fid. and Guar. Co. v. Beuhler,
597 S.W.2d 523, 524B25 (Tex. Civ. App.CBeaumont
1980, no writ); see Sepulveda v. Krishnan, 839 S.W.2d 132, 137 n.2 (Tex.
App.CCorpus
Christi 1992), aff=d, 916
S.W.2d 478 (Tex. 1995).  However, when an
appellate court remands a case and limits a subsequent trial to a particular
issue, the trial court is restricted to a determination of that particular
issue.  See Hudson v. Wakefield,
711 S.W.2d 628, 630 (Tex. 1986).  In
interpreting the mandate of the appellate court, the courts should look not
only to the mandate itself but also to the opinion of the court.  Id.








Here, this court=s
mandate read as follows:  AWe
reverse that portion of the trial court=s
judgment regarding the claim that appellees engaged in fraud and
misrepresentation by representing [appellee=s]
talents and skills in an untrue light and remand that portion for further
proceedings consistent with this opinion.@  The following excerpts from this court=s prior
opinion relate to the remanded claim:

[B]ecause appellees did not move for summary judgment as to whether
appellees misrepresented Murphy=s Atalents and skills@ by failing to disclose
his past performance as a fund manager, they were not entitled to either a
traditional or no‑evidence summary judgment on that particular claim.

 

. . .
.

 

We sustain [appellant=s] sixth issue as to his fraud and
misrepresentation claims based on the allegation that appellees represented
Murphy's talents and skills in an untrue light by failing to disclose his past
performance as a fund manager.

 

. . .
.

 

Having determined that appellees were entitled to summary judgment on
all of [appellant=s] claims except his
claim that appellees engaged in fraud and misrepresentation by failing to disclose
Murphy's past performance as a fund manager, we affirm the trial court=s judgment except as to
that claim.  We reverse and remand the
claim that appellees engaged in fraud and misrepresentation by failing to disclose
Murphy=s past performance as a
fund manager for further proceedings consistent with this opinion.

 

Reynolds, 188 S.W.3d at 272, 275.








Based on the foregoing, we conclude and hold that
this court=s mandate did not limit remand
to the sole issue upon which appellee and Phillips failed to move for summary
judgment.  Instead, the language simply
reflects this court=s opinion that, of the claims
pending at the time of the motion for summary judgment, summary judgment was
improperly granted as to the claim that appellee and Phillips engaged in fraud
and misrepresentation by failing to disclose appellee=s past
performance as a fund manager; therefore, that claim should first be
reconsidered in the trial court before review by this court.  There is no language limiting the trial court=s
consideration to only that claim, and there is no language specifically
prohibiting appellant from adding new claims. 
Nothing in this court=s prior
opinion speaks to such an argument, nor did this court consider whether any
other types of causes of action would be viable upon this set of facts.








In the cases relied upon by appellee, the
appellate courts= remands either included
language specifically indicating that the trial court was precluded from
considering additional claims or were issued in appeals in which trial had
already occurred.  See Kahn
v. Seely, 37 S.W.3d 86, 87B88 (Tex.
App.CSan
Antonio 2000, no pet.) (holding that remand was limited when, in prior
appeal from jury verdict, appellate court mandate reversed and remanded Afor
further proceedings on the post‑dissolution compensation issue@); Seale
v. Click, 556 S.W.2d 95, 96 (Tex. Civ. App.CEastland
1977, writ ref=d n.r.e.) (noting that remand in
original appeal from summary judgment in which appeals court affirmed summary
judgment disposing of all of plaintiff=s claims
was for Atrial only
of the issue of [Click=s] damages pleaded by her
cross-action@ (emphasis added)); Owens v.
Lubbock ISD, 237 S.W.2d 711, 712 (Tex. Civ. App.CAmarillo
1950, writ ref=d n.r.e.) (holding that trial
court properly sustained special exceptions to additional pleadings after
remand from appeal taken from trial court=s denial
of counterclaim in bench trial).[4]  Thus, in these cases, the parties had had the
opportunity to fully litigate all issues to a resolution.








In contrast, this case was still in the pretrial
stage, with discovery ongoing (although the parties disputed whether an
adequate time for discovery had occurred), and if the trial court had denied
summary judgment initially, or if this court had reversed the entire summary
judgment, appellant would have been free to amend his pleadings to add new claims,
subject to any scheduling orders entered by the trial court.  See Tex.
R. Civ. P. 63, 166; Beuhler, 597 S.W.2d at 524B25.  Appellee has not shown why appellant should
not be afforded the same right here, when, in effect, this court=s
mandate left a claim pending in the trial court, and this court did not make
any explicit instructions as to how that claim should have been disposed.  For instance, if appellee had opted to go to
trial on that claim, rather than move for summary judgment, this court=s
mandate and opinion would not have precluded that choice.  Likewise, this court=s
mandate did not preclude appellee from filing a motion for summary judgment as
to that claim.

This case is more similar to Creative Thinking
Sources, Inc. v. Creative Thinking, Inc., in which the court of
appeals initially affirmed a summary judgment in part and reversed and remanded
it in part.  74 S.W.3d 504, 508B09 (Tex.
App.CCorpus
Christi 2002, no pet.).  In the first
appeal, the court=s disposition was as
follows:  

We REVERSE the judgment
of the trial court on CTS=s claims for declaratory
judgment, and breach of duty arising from a confidential or informal fiduciary
relationship, and REMAND for trial on those claims.  We affirm the remainder of the judgment
against CTS on its claims based on the existence of a partnership with CT.

 








Id. at 509. 
Upon remand, as in this case, the defendant moved the trial court to
limit the plaintiff=s causes of action to those
remanded by the court of appeals; the trial court granted the motion and struck
a subsequent amended pleading asserting new causes of action.  Id. 
The trial court then granted a second summary judgment against the
plaintiff, and the Corpus Christi Court of Appeals reversed the trial court=s
ruling.  Id. at 515.

This case, too, involves a summary judgment that
was affirmed in part and reversed and remanded in part, with instructions that
the trial court should conduct further proceedings on the remanded claim.  The mandate did not specifically limit the
trial court=s consideration to that one
claim, however, nor did it preclude the addition of new claims by
amendment.  We sustain appellant=s first
issue.[5]








In his second issue, appellant contends that the
trial court erred by freezing discovery. Having held that this court=s
mandate did not preclude appellant from bringing additional claims in the trial
court, and discerning no other reason in the record for the trial court=s ruling
disallowing further discovery, we sustain appellant=s second
issue.  See Tex. R. Civ. P. 192.4 (allowing trial
court to limit discovery if unreasonably cumulative, duplicative, obtainable
from other sources, or unduly burdensome or expensive), 192 cmt. 7 (stating
that courts should limit discovery under rule 192.4 Abased on
the needs and circumstances of the case . . . only to prevent unwarranted delay
and expense as stated more fully in the rule. . . .  [and that a] court abuses its discretion in
unreasonably restricting a party=s access
to information through discovery@); Brewer
& Pritchard, P.C. v. Johnson, 167 S.W.3d 460, 467 (Tex. App.CHouston
[14th Dist.] 2005, pet. denied) (holding that purpose of discovery is to seek
truth so that disputes may be decided by what facts reveal, not by what facts
are concealed).

 

 

 

 

 

 

 

 

 

 








Conclusion

Having sustained both of appellant=s
issues, we reverse the trial court=s
rulings freezing discovery and striking the new claims in appellant=s Third
Amended PetitionCbased on the Texas securities
laws, the business and commerce code, and breach of fiduciary duty.  We remand this case to the trial court for
trial or other appropriate proceedings consistent with this opinion.

 

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON, GARDNER, and
McCOY, JJ.

DELIVERED:  August 29, 2008











[1]See Webb v. Jorns, 488 S.W.2d 407, 409
(Tex. 1972) (stating rule that amended petition omitting a defendant operates
as a voluntary dismissal as to that party).





[2]The discovery that has
taken place so far consists of numerous requests for admissions and
interrogatories.  Although some of these
were answered, appellee and Phillips filed a motion for a protective order as
to others on the ground that the volume of requests was unduly burdensome and
harassing.  Reynolds v. Murphy,
188 S.W.3d 252, 259 (Tex. App.CFort Worth 2006, pet. denied), cert. denied,
127 S. Ct. 1839 (2007).  The trial court
never ruled on that motion, however, because it granted a final summary
judgment in appellee=s and Phillips=s favor before
determining the discovery dispute.  Id.
at 260.





[3]The parties argued these
issues in the context of appellee=s presubmission motion to dismiss, which we opted
to carry to submission and address in this opinion.





[4]See also Lifshutz v.
Lifshutz,
199 S.W.3d 9, 20B21 (Tex. App.CSan Antonio 2006, pets.
denied) (holding that remand was limited in scope when remanding only some
issues after bench trial).





[5]Appellee claims that
appellant did not brief an alternative ground upon which the trial court struck
appellant=s pleadings:  that the new claims are precluded by the law
of the case doctrine.  However, the trial
court=s ruling was clearly
based upon this court=s conclusion that the
single issue left to determine  Aunder the direction of
the Court of Appeals@ was the sole remanded
issue.  See Shanks v. Treadway,
110 S.W.3d 444, 447 (Tex. 2003) (holding that trial court judgments should be
construed as a whole, harmonizing and giving effect to all parts).  Moreover, neither the trial court nor this
court has yet passed on the merits of appellant=s new claims; thus, the
law of the case does not apply.  See
Truck Ins. Exch. v. Robertson, 89 S.W.3d 261, 264 (Tex. App.CFort Worth 2002, no
pet.).