# NO. 12-11-00067-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *BILLY G. COLVIN,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Billy G. Colvin has petitioned this court for mandamus relief. The appendix attached to his mandamus petition shows that following the dismissal of his pro se *in forma pauperis* petition for judicial review, Colvin filed a document entitled "Pro Se Motion For Leave To Amend Original Petition For Judicial Review Of An Adverse Decision Of Destruction Of Property Pursuant To Tex. Govt. Code § 500.002(d)." The trial court declined to rule on the motion, and Colvin asserts here that the trial court's refusal to rule violates a ministerial duty. We deny the petition.

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *See **In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.***, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). Here, the trial court dismissed the underlying proceeding for Colvin's failure to file certain documents required by Texas Civil Practice and Remedies Code, chapter 14. After receiving the trial court's order of dismissal and its findings that he had not filed the required documents, Colvin sought to cure the omission by filing a motion for leave to amend his original petition. He was ultimately notified by the district clerk that the trial court took no action on the motion. The docket sheet includes a notation that "[the] case was dismissed on 1–10–11, no action taken on motion for leave. . . ."

At least three courts have held, and we agree, that a trial court "does not have a duty to rule on free–floating motions unrelated to currently pending actions."  *See In re Miller*, No. 08–10–00296–CR, 2010 WL 4526270, at *1 (Tex. App.–El Paso Nov. 10, 2010, orig. proceeding) (mem. op.); *In re Boshears*, No. 09–10–00187–CV, 2010 WL 2347087, at *1 (Tex. App.–Beaumont June 10, 2010, orig. proceeding) (mem. op.); *In re Cash*, No. 06–04–00045–CV, 2004 WL 769473, at *1 (Tex. App.–Texarkana Apr. 13, 2004, orig. proceeding) (mem. op.). This is because the trial court "has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an associated case." *In re Cash*, 2004 WL 769473, at *1.  In this case, the underlying proceeding was dismissed by written order on January 10, 2011.  Colvin did not file a motion for new trial or any other motion that would extend the trial court's plenary power. Consequently, the trial court's plenary power expired on February 9, 2011.  *See* TEX. R. CIV. P. 329b(e).  Colvin's motion was filed on February 14, 2011, which was after the trial court's plenary power expired.  Therefore, the trial court had no jurisdiction to rule on the motion and did not violate a ministerial duty by declining to do so.[1]

Because Colvin has not shown that the trial court violated a ministerial duty, he cannot show that he is entitled to mandamus relief.  Accordingly, Colvin's petition for writ of mandamus is *denied*.  All pending motions are overruled as moot.

Opinion delivered April 20, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] We note further that the filing of an amended petition following the dismissal of a case cannot vacate the order of dismissal or reinstate the case upon the docket of the trial court. *United States Fid. & Guar. Co. v. Beuhler*, 597 S.W.2d 523, 524 (Tex. Civ. App.–Beaumont 1980, no writ).  When an action has been terminated, either voluntarily or involuntarily by a formal order of dismissal, the case cannot, in the absence of a valid order vacating and reinstating the previous proceedings, be further prosecuted by filing an amended petition and attempting to proceed thereon. *Id*.