Lloyd E. **HUMPHREYS** and Humphreys and Associates Law Firm, P.C., Appellants,

v.

Charles **MEADOWS** and Max Wayman, Appellees.

No. 2–96–051–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 31, 1996.

Rehearing Overruled March 13, 1997.

L. Charles Humphreys, Garland, Lloyd E. Humphreys, Humphreys and Assoc. Law Firm, Dallas, for Appellants.

Perry Cockrell, Sloan Blair, Cantey & Hanger, Richard L. Bourland, Claudine Germain, Bourland, Kirkman & Seidler, L.L.P., Fort Worth, for Appellees.

Before DAY, DAUPHINOT and RICHARDS, JJ.

### OPINION

RICHARDS, Justice.

Appellant Lloyd E. Humphreys was convicted in federal court on various counts of tax evasion. Humphreys's conviction was affirmed on direct appeal. *United States v. Humphreys*, 982 F.2d 254 (8th Cir.1992), *cert. denied*, 510 U.S. 814, 114 S.Ct. 61, 126 L.Ed.2d 31 (1993). The Texas Supreme Court subsequently disbarred him. *In re Humphreys*, 880 S.W.2d 402 (Tex.1994), *cert. denied*, 513 U.S. 964, 115 S.Ct. 427, 130 L.Ed.2d 340 (1994). On behalf of himself and his law firm, Humphreys brought this lawsuit against the attorney who represented him in the tax evasion trial, appellee Charles Meadows, and an investigator he retained to testify on his behalf at the trial, appellee Max Wayman. Humphreys's petition alleged various claims, including legal and professional malpractice, breach of contract, and fraud.

The trial court dismissed Humphreys's suit with prejudice because Humphreys allegedly refused to comply with a court order requiring him to produce certain documents in response to Meadows's and Wayman's requests for discovery and because Humphreys's pleadings contained "intolerably vague and indefinite assertions." In four points of error, Humphreys appeals the trial court's dismissal of his case. Because we find that the court abused its discretion by imposing the "death penalty" sanction for discovery violations without first imposing a lesser sanction and because we find that the trial court should have allowed Humphreys to further amend his amended petition to cure the vagueness problems, we reverse.

In his second point of error, Humphreys argues the trial court abused its discretion by imposing the death penalty sanction and dismissing his case with prejudice. The court's order specified both discovery violations and failure to sufficiently amend the complaint as bases for the dismissal. We will address these two bases separately.

### I. DISCOVERY VIOLATIONS

Rule 215 permits a trial court to remedy discovery violations by dismissing an action with prejudice so long as it is "just." TEX.R. CIV. P. 215(2)(b)(5). We review the trial court's imposition of discovery sanctions under the abuse of discretion standard. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986). We will only rule that

the trial court abused its discretion if it acted without reference to any guiding rules and principles, i.e. if its actions were arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■ The Supreme Court has held that a court must "consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance" before imposing death penalty sanctions. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex.1991) (orig.proceeding). Further, death penalty sanctions "may be imposed in the first instance only in exceptional cases when they are clearly justified and it is fully apparent that no lesser sanctions would promote compliance with the rules." *GTE Communications v. Tanner*, 856 S.W.2d 725, 729 (Tex.1993).

■ Meadows and Wayman argue that a trial court need only "consider" lesser sanctions without actually testing the lesser sanctions before imposing the death penalty sanction in the first instance. In support of this proposition, they cite a line of cases from this court. *See Arit Int'l Corp. v. Allen*, 910 S.W.2d 166, 173 (Tex.App.—Fort Worth 1995, no writ); *Gentry v. Weaver Dev. Co.*, 909 S.W.2d 606, 612–13 (Tex.App.—Fort Worth 1995, no writ); *Stum v. Stum*, 845 S.W.2d 407, 416–17 (Tex.App.—Fort Worth 1992, no writ). Because of Supreme Court precedent to the contrary, we now disapprove of these cases to the extent they hold, as a general rule, that a trial court need not test lesser sanctions before imposing death penalty sanctions. In *Chrysler Corp. v. Blackmon*, the Supreme Court held:

Sanctions that by their severity, prevent a decision on the merits of a case cannot be justified "absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules." Even then, *lesser sanctions must first be tested to determine whether they are adequate* to secure compliance, deterrence, and punishment of the offender.

*Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex.1992) (emphasis added) (quoting *TransAmerican*, 811 S.W.2d at 918).

In *Hamill v. Level*, we noted that the above-quoted language in *Chrysler Corp.* was an "anomaly" in the law and that the trial court need not impose lesser sanctions before imposing death penalty sanctions. *Hamill v. Level*, 900 S.W.2d 457, 461, 461 n. 3 (Tex. App.—Fort Worth 1995), *rev'd*, 917 S.W.2d 15 (Tex.1996). The Supreme Court reversed our decision while "specifically disapprov[ing of our] conclusion that *Chrysler Corp.* ... is an anomaly to the extent that it holds that, as a general rule, lesser sanctions must be tested before death penalty sanctions may be imposed." *Hamill*, 917 S.W.2d at 16 n. 1 (citation omitted); *cf. TransAmerican*, 811 S.W.2d at 918 ("if a party refuses to produce material evidence, *despite the imposition of lesser sanctions*, the court may presume that an asserted claim or defense lacks merit and dispose of it") (emphasis added). Accordingly, we now hold that as a general rule, courts *must* impose lesser sanctions before imposing death penalty sanctions. To the extent that *Arit*, *Gentry*, and *Stum* hold otherwise, we now disapprove of those decisions.[1]

■ Nothing in the record indicates that the trial court imposed, or even considered imposing, a lesser sanction before dismissing Humphreys's case with prejudice. *Cf. Abcon Paving, Inc. v. Crissup*, 820 S.W.2d 951, 955 (Tex.App.—Fort Worth 1991, no writ) (trial court abused its discretion in imposing death penalty sanction where nothing in record supported finding that striking pleadings was necessary, that offensive actions had caused injury that could not be remedied, or that complaining party was substantially denied access to discoverable material essential to suit). Therefore, we hold that the trial court abused its discretion by imposing the death penalty sanction without first "testing" a

---

1. *Arit* and *Gentry* are distinguishable from the case at bar because in those cases, the court did in fact impose lesser sanctions before imposing death penalty sanctions. In *Arit*, the court had already imposed a $500.00 fine on the offending party before imposing the death penalty. *Arit*, 910 S.W.2d at 170. In *Gentry*, the court had held the offending party in contempt of court, fined him $500.00, and entered an oral mandate threatening "very drastic sanctions for lawyers, as well as parties" if he did not comply with the discovery order. *Gentry*, 909 S.W.2d at 613.

lesser sanction. *See Chrysler*, 841 S.W.2d at 849.

## II. INSUFFICIENT PLEADINGS

■ No provision in the Rules of Civil Procedure permits a trial court to dismiss a plaintiff's case because of insufficient pleadings. But, there is case law that indicates a trial court may do so. *See generally* WILLIAM V. DORSANEO, 4 TEXAS LITIGATION GUIDE § 103.02[2][a][iv] (1996) (after court sustains defendant's special exceptions, plaintiff's refusal to amend or repeated inadequate attempts to cure may result in dismissal); JUSTICE MICHOL M. O'CONNOR, TEXAS RULES: CIVIL TRIALS Ch. 3–G, §§ 9.2–9.5 (1995). We review the trial court's decision to dismiss for insufficient pleadings under an abuse of discretion standard. *See Albright v. Texas Dep't of Human Services*, 859 S.W.2d 575, 583 (Tex.App.—Houston [1st Dist.] 1993, no writ) (finding that trial court "abused its discretion" by dismissing plaintiff's case based on insufficient pleadings).

■ A trial court may not dismiss a plaintiff's case for pleading defects unless an opportunity is first afforded to amend and cure the defect. *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 9–10 (Tex.1974); *Albright*, 859 S.W.2d at 582. Moreover, if a plaintiff makes a good faith attempt to amend his petition in response to the trial court's sustaining of a defendant's special exceptions, the trial court may not dismiss the plaintiff's amended petition unless the defendant files special exceptions to the revised pleadings, the court sustains the new special exceptions, and the court gives the plaintiff the opportunity to amend the revised pleadings. *See Albright*, 859 S.W.2d at 582–83. *See generally* DORSANEO, 4 TEXAS LITIGATION GUIDE at § 111.02[2][c] (may only dismiss after "*repeated* inadequate attempts to cure"). Additionally, as a general rule, the trial court cannot dismiss a suit *with prejudice* when the plaintiff does not cure the objections made by special exceptions. *Kutch v. Del Mar College*, 831 S.W.2d 506, 508 (Tex.App.—Corpus Christi 1992, no writ). *See generally* O'CONNOR, TEXAS RULES at Ch. 3–G, § 9.5.

■ Humphreys filed his original petition on August 23, 1993. On April 22, 1995, Meadows filed special exceptions alleging that various paragraphs of Humphreys's petition were "vague, general and indefinite," conclusory, and "fail[ed] to give Defendant fair notice." On August 22, 1995, the trial court sustained Meadows's special exceptions and ordered Humphreys to replead. On September 25, 1995, Humphreys filed an "Amendment to Petition." On October 30, 1995, Meadows filed a "Motion for Sanctions" alleging that Humphreys's "Amendment":

1) "does not constitute repleading or amended pleadings as contemplated by" the court's order of August 22;

2) "contains general and conclusory allegations rather than specific allegations and does not adequately respond to nor correct the deficiencies in Plaintiff's Original Petition";

3) "is not an amended petition as provided by the Texas Rules of Civil Procedure"; and

4) "fails to address all of the special exceptions of Defendant and does not replead or amend all of the allegations to which exception has been made and sustained by the Court's order."

Thereafter, the trial court entered its "Order of Dismissal With Prejudice" based in part on its conclusion that "[a]lthough ... ordered to replead, ... the pleadings continue to contain intolerably vague and indefinite assertions ... and there fails to be any assertion of facts which would warrant the claimed existence of an oral contract or one implied by law."

Based on this record, we hold that the trial court abused its discretion by dismissing Humphreys's case based on insufficient pleadings. Neither Meadows nor Humphreys filed special exceptions to Humphreys's "Amendment to Petition." We find Meadows's "Motion for Sanctions" was insufficient to constitute special exceptions to the "Amendment" because it did not set out any particular deficiencies in the Amendment. *See* TEX.R. CIV. P. 91 ("special exception shall not only point out the particular pleading excepted to, but it shall also point out intelligibly and *with particularity* the ... insuffi-

ciency in the allegations in the pleading excepted to"). Moreover, even if Meadows's "Motion for Sanctions" were sufficient to constitute special exceptions to the "Amendment," the trial court did not sustain any special exceptions to the "Amendment" or give Humphreys an opportunity to cure any deficiencies in the "Amendment."

The circumstances in this case are nearly identical to those in *Albright.* In that case, after the trial court sustained the defendants' special exceptions, the plaintiffs filed two amended pleadings. *Albright,* 859 S.W.2d at 582. The defendants then filed a motion to dismiss without first filing special exceptions to the plaintiffs' second amended pleading. *Id.* The trial court dismissed the plaintiffs' case without giving the plaintiffs the opportunity to amend their revised pleadings. *Id.* at 582–83. The court of appeals reversed the trial court's dismissal, finding that the plaintiffs were entitled to the opportunity to amend. *Id.* at 583. We agree with that analysis. Because neither Meadows nor Wayman specially excepted to Humphreys's "Amendment to Petition" and the trial court did not grant any special exception to the "Amendment" or allow Humphreys the opportunity to cure any defects in the "Amendment," we hold that the trial court abused its discretion in dismissing Humphreys's case based on insufficiency of the pleadings.[2]

Because the trial court abused its discretion in dismissing Humphreys's case, Humphreys's second point of error is sustained.[3] Accordingly, we reverse the trial court's order and remand this case for further proceedings consistent with this opinion.

---

**2.** Meadows argues that we should affirm the trial court's order because Humphreys's claim must fail as a matter of law under *Peeler v. Hughes & Luce,* 909 S.W.2d 494, 498 (Tex.1995) (client who had pleaded guilty to criminal offense and had not been exonerated of the offense could not recover from defense attorney for malpractice or violation of the Deceptive Trade Practices Act because the client's illegal act was the sole proximate and producing cause of her conviction). If Meadows is correct that he is entitled to judgment as a matter of law, the proper procedural tactic to dispose of the case would be a motion for summary judgment. *American Medical Electronics Inc. v. Korn,* 819 S.W.2d 573, 576 (Tex. App.—Dallas 1991, writ denied) (defendant entitled to summary judgment where there are no disputed material facts and the plaintiff's legal position is incorrect).

**3.** Because we reverse the trial court based on Humphreys's second point of error, we do not address his first, third, and fourth points of error.