In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00454-CV
_____

SHAWN HOOVER AND CONNIE HOOVER, Appellants

V.

J & J HOME INSPECTIONS, Appellee

On Appeal from the 411th District Court
Polk County, Texas
Trial Cause No. CIV 24354

**MEMORANDUM OPINION**

Appellants Shawn and Connie Hoover ("the Hoovers") appeal the trial court's order dated June 3, 2013, striking their Ninth Amended Petition. We note that in that order, the trial court also granted special exceptions and it dismissed with prejudice the Hoovers' claims against appellee, J & J Home Inspections ("J & J"). We affirm.

1

UNDERLYING FACTS

The Hoovers allege that they bought a home in May of 2006. Prior to purchasing the home, they contend that they hired J & J to perform a home inspection, and J & J provided a home inspection report to the Hoovers. The Hoovers assert that J & J failed to notice and disclose certain defects in the home, and the Hoovers allege they relied upon J & J and the J & J report in purchasing the home.

In April of 2008, the Hoovers filed an Original Petition asserting claims against the sellers (Jason and April Mixon), a foundation repair company (Action House Leveling Company), and the home inspector (J & J). In the Original Petition, the Hoovers asserted claims against J & J for deceptive trade practices, common law fraud, negligence, negligent misrepresentation,[1] and breach of contract. Defendant J & J filed special exceptions to the Original Petition, asserting among other complaints that the Hoovers' petition failed to specifically identify the legal theories for each of their claims, failed to plead with specificity facts regarding the alleged false representation, failed to identify which claims were being made against each defendant, and failed to specify the maximum amount of damages claimed in accordance with Texas Rule of Civil Procedure 47.

---

[1]In the Original Petition the Hoovers also alleged a negligent hiring, supervision, or management claim against J & J, but the trial court granted a motion for partial summary judgment on that claim.

According to an order signed October 24, 2008, the special exceptions were set for a hearing, and at the hearing the Hoovers' counsel agreed to "amend Plaintiff's Original Petition and address the issues raised and set forth in Defendant's special exceptions." The Hoovers then filed their Second Amended Original Petition.[2] J & J filed special exceptions and a motion to compel plaintiffs to comply with the prior order of the court, again seeking, among other things, "the maximum amount of all damages of any kind or character . . . claimed by . . . each Plaintiff . . . as to . . . each Defendant[.]" The Hoovers filed a Third Amended Petition on or about April 29, 2011, and J & J filed special exceptions to the petition. In an order dated May 12, 2011, the trial court sustained the special exceptions to the Third Amended Petition, ordering the plaintiff to replead with specificity each paragraph that required amendment. In particular, it stated in the order that the plaintiffs were to state "the maximum amount of all damages . . . claimed by and sought by the Plaintiffs as to, of, and from, each Defendant[.]" The trial court also expressly stated that "[i]t is further Ordered that the Plaintiffs shall re-plead in conformity with this Order by May 19, 2011. Should the Plaintiffs fail to do so, their pleadings will be stricken, and the Plaintiffs' suit will be dismissed."

The Hoovers filed a Fourth Amended Petition, and J & J again filed special exceptions alleging, among other items, that the petition "does not state the

[2]There is no First Amended Original Petition included in the clerk's record.

3

maximum amount of all damages of any kind or character claimed and sought by the Plaintiffs as to, of, and from J&J[.]" On June 17, 2011, the trial court again entered an order, sustaining the same categories of special exceptions and expressly ordering among other items that the Hoovers should state "the total maximum amount, in a dollar figure, claimed and sought[.]"

The Hoovers then filed a Fifth Amended Petition, which again failed to state the maximum amount of damages sought, but it did include some additional itemizations of their complaints about the house. J & J filed special exceptions to the Fifth Amended Petition and a Motion to Compel the plaintiffs to comply with the prior orders of the court relating to the special exceptions. The Hoovers also later filed their Sixth, Seventh, Eighth, and Ninth Amended Petitions and J & J continued to file special exceptions. J & J specifically complained about the Hoovers' failure to state a maximum amount of damages.[3]

---

[3]In addition thereto, J & J complained that the Hoovers' petitions were defective in other respects such as failing to provide sufficient detail and fair notice regarding the claims, failing to delineate which allegations applied to which defendant, and failing to state a proper claim regarding the DTPA. On appeal, appellant does not address the merits of any of the special exceptions. And, the appellee specifically focuses on the special exceptions and orders relating to the Hoovers' failure to state a maximum amount of damages. We note that the trial court specifically admonished the Hoovers' attorney at the March 8, 2013 hearing, instructing the Plaintiffs to plead the maximum damages claimed. For purposes of our review on appeal, we limit our review to the merits of the court's grant of the special exception pertaining to the failure to plead a maximum amount of damages because we find it unnecessary for us to review the merits of the remaining special exceptions.

The trial court held a hearing on March 8, 2013, relating to J & J's special exceptions to both the Seventh and Eighth Amended Petitions. Therein, the court specifically informed the Hoovers that the Eighth Amended Petition should be amended to state the "maximum damages claimed." The court specifically discussed its ruling with the attorneys on the record as follows:

> THE COURT: I'm going to -- once again, the Court is going to grant their motion for special exceptions; and I will give you one month -- let me look at my calendar.
>
> [PLAINTIFFS' COUNSEL]: Okay. So if I'm understanding you then, I must specifically list each and every claim for dollar value in the dollars, dimes, and cents that we're requesting for each and every allegation?
>
> THE COURT: You have to plead maximum damages claimed, and you have to have that petition filed -- if I set this for April 5th, which is my first civil docket in April, how soon before that do you want it filed so you have a chance to respond?
>
> [DEFENSE COUNSEL]: April 5th for trial?
>
> THE COURT: April 5th for a civil docket to see if he has done --
>
> [DEFENSE COUNSEL]: Just for a hearing.
>
> THE COURT: Just for a hearing to see if he has fixed the defects in the petition.
>
> [DEFENSE COUNSEL]: A week is fine.
>
> THE COURT: Okay. Then you need to file your new petition with the corrections by March 28th.
>
> [DEFENSE COUNSEL]: Is that the 9:30 docket on April 5th?

5

THE COURT: Yes. That will be 9:30 on April 5th. Mr. [Plaintiff's Counsel], if you haven't complied with the Court's order and pled everything as required by the special exceptions, the Court most likely is going to strike your pleadings at that time.

[PLAINTIFF'S COUNSEL]: Understood.

THE COURT: Nine times in six years is enough time for both sides to get it right.

[PLAINTIFF'S COUNSEL]: Yes, ma'am.

The Plaintiffs filed their Ninth Amended Petition on or about April 1, 2013. On or about April 4, 2013, J & J filed an Answer to Plaintiff's Ninth Amended Petition with a Counter-claim, Special Exceptions, and a Motion to Strike and Dismiss Claims. According to an order in the record, a hearing was held on the Special Exceptions and the Motion to Strike and Dismiss Claims on April 5, 2013. On June 3, 2013, the trial court entered an order granting Defendant J & J's Special Exceptions, Motion to Strike, and Motion to Dismiss,[4] and it dismissed with prejudice the Hoovers' claims "as to Defendant J&J[.]" On or about June 24, 2013, the Hoovers filed a "Motion for Re-Hearing/New Trial." The trial court also granted an Order of Severance dated September 11, 2013, severing Plaintiff's

---

[4]While the trial court's order contains a separate paragraph as to special exceptions, J & J's motion to strike and motion to dismiss, J & J's pleading is a combined motion founded upon the Hoovers' failure to comply with the court's various orders which ordered them to re-plead and previously sustained the special exceptions.

6

claims against the remaining defendants. The Hoovers filed their Notice of Appeal on or about October 10, 2013.

## ISSUE ON APPEAL

The Hoovers contend on appeal that "[t]he trial court committed reversible error and abused its discretion by striking plaintiff's Ninth Amended Petition when the pleadings set forth each claim and the amount of the damages against J & J[.]" The Hoovers argue that they set forth claims in their Ninth Amended Petition and "listed each item of damage with a chart of each repair and the cost to make the repairs, . . . with the sum of $123,403.50 in expenses."

## ANALYSIS

The purpose of special exceptions as outlined in Texas Rule of Civil Procedure 91 is to point out "the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations" of the other parties' pleading. *See* Tex. R. Civ. P. 91. An original pleading that sets forth a claim for relief shall contain a short statement of the cause of action sufficient to give fair notice of the claim involved, a statement that the damages sought are within the jurisdictional limits of the court, and a demand for judgment for all the other relief to which the party deems himself entitled. Tex. R. Civ. P. 47.[5] The rule further provides that, upon special exception, the court shall require the pleader to amend so as to specify the

---

[5]We cite to the current version of Rule 47 because the amendments thereto do not affect the outcome of this appeal.

7

maximum amount claimed. *Id.* Rule 47 is intended to ensure the pleader provides information necessary to facilitate a full and fair presentation of the merits of the dispute without surprise or prejudice. *Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 942 (Tex. 1990). Texas follows a "fair notice" pleading standard which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). Courts will generally construe a pleading liberally in favor of the pleader. *Id.* at 897. An opposing party should use special exceptions to identify defects in a pleading so they can be "cured, if possible, by amendment." *Id.*

The trial court has broad discretion to grant special exceptions, and an appellate court will not disturb the trial court's ruling absent an abuse of discretion. *Ford v. Performance Aircraft Servs.*, 178 S.W.3d 330, 335 (Tex. App.—Fort Worth 2005, pet. denied); *Hefley v. Sentry Ins. Co.*, 131 S.W.3d 63, 65 (Tex. App.—San Antonio 2003, pet. denied); *Mowbray v. Avery*, 76 S.W.3d 663, 678 (Tex. App.—Corpus Christi 2002, pet. denied). If the party fails to amend after being ordered to do so, or if the amended pleading fails to state a cause of action, the trial court may dismiss the case. *Mowbray*, 76 S.W.3d at 677-78; *see also Gallien v. Washington Mut. Home Loans, Inc.*, 209 S.W.3d 856, 862-64 (Tex. App.—Texarkana 2006, no pet.) (A trial court generally should afford a party the

right to amend and cure the defect before striking a claim, but a trial court has the inherent power to strike a party's pleadings and enter judgment for the opposing party in response to repeated noncompliance with the trial court's orders.) (citing *Humphreys v. Meadows*, 938 S.W.2d 750, 753 (Tex. App.—Fort Worth 1996, writ denied)). Accordingly, a trial court may strike pleadings and enter a judgment for the opposing party or dismiss when the party fails to replead "in response to repeated noncompliance with the trial court's orders." *Id*. at 864. If the trial court sustains special exceptions and requires a party to replead, the litigant must obey the order and file a curative amendment or suffer the consequences of dismissal. *Hefley*, 131 S.W.3d at 65. However, the right to amend is not unlimited and it "does not extend to the privilege of multiple opportunities to amend in the face of repeated grants of special exceptions." *Mowbray*, 76 S.W.3d at 678.

The Hoovers contend that the trial court erred in striking the Ninth Amended Petition because they argue they stated a cause of action and "should be allowed to proceed with trial and prove up their damage" against J & J and other parties. Inasmuch as the trial court's order only pertained to the Hoovers' claims against J & J, the trial court's dismissal in question does not affect the Hoovers' claims, if any, against the other remaining parties, nor does it affect the counter-claim and cross-claim filed by J & J, if any, because such claims were expressly severed into a separate action. With respect to their argument that they stated a claim and that

9

they should be allowed to proceed to trial to "prove up their damage," their argument fails to address the granting of the special exceptions and their failure to plead the maximum amount of damages as ordered by the court.

On appeal, the Hoovers state that "[t]he trial court committed reversible error and abused its discretion by striking plaintiff's Ninth Amended Petition when the pleadings set forth each claim and the amount of the damages against J & J[.]" The Hoovers completely fail to address the merits of the special exceptions, and do not argue that the trial court abused its discretion in granting the special exceptions, nor do they challenge the dismissal of the suit with prejudice. Appellees argue that the Hoovers waived any complaints on appeal by failing to challenge the court's order sustaining the special exceptions and its order dismissing the case. *See Ford*, 178 S.W.3d at 334; *Mowbray*, 76 S.W.3d at 678.

Where a trial court has sustained special exceptions and dismissed the cause of action following the appellant's failure to amend, the controlling issue is the propriety of the trial court's ruling sustaining the special exceptions. *Cole v. Hall*, 864 S.W.2d 563, 566 (Tex. App.—Dallas 1993, writ dism'd w.o.j.). In *Perry v. Cohen*, 272 S.W.3d 585, 588 (Tex. 2008), the Texas Supreme Court stated that in the context of special exceptions and appellate challenges to dismissals following the granting of special exceptions, "the final order of dismissal and the interlocutory order granting special exceptions must be challenged in order for the

10

merits of the order granting special exceptions to be reviewed." However, the Court concluded in *Perry* that, on the record before it, the appellate court misapplied the rule because the appellant's brief challenged both the dismissal of the suit and the merits of the special exceptions. The Court emphasized that a court of appeals should "'liberally construe issues presented to obtain a just, fair, and equitable adjudication of the rights of the litigants.'" *Id.* (quoting *El Paso Natural Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 316 (Tex. 1999)).

Unlike the facts in *Perry*, the Hoovers do not challenge either the merits of the special exceptions or the dismissal of claims. Therefore, they do not have the right to challenge the merits of the special exceptions and dismissal on appeal. *See Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex. 1990) (A court of appeals may not reverse a trial court's judgment on grounds that are neither raised at trial nor briefed or assigned as error on appeal.); *Cole*, 864 S.W.2d at 566 ("An appellant complaining of the dismissal of a cause of action following the sustaining of special exceptions must attack the trial court's decision to sustain the special exceptions. The appellant should then attack the trial court's decision to dismiss.").

Nevertheless, even assuming the Hoovers' brief on appeal had preserved a challenge to the merits of the order granting the special exceptions and dismissing the case, we conclude that the trial court did not abuse its discretion in granting the special exceptions relating to the failure to plead a maximum amount of damages

or in dismissing the case. The Hoovers were given multiple opportunities to amend their deficient pleadings. Despite being given several opportunities to correct the deficiency regarding the "maximum amount" of damages sought, the language in the Ninth Amended Petition, as well as the language in the earlier Petitions fails to plead the total maximum amount of damages.[6] Although the Hoovers made some

---

[6]Appellants added language to their Ninth Amended Petition at sections 34 and 35, and they added a list of "Economic and Actual Damages," and "Other Damages." Additionally, the pleading states at section 35, that

> acts and/or omissions of Defendant J&J Home Inspection Services, complained of herein were a producing cause and a proximate cause of the following damages sustained by Plaintiffs: (a) Loss of use of the home and quite [sic] enjoyment of the use of their home and loss of the benefit of the bargain as well as all costs of repairs, cost of the home, each monthly payment and all attorney fees, as set forth in Exhibit "A" of $286,500.00[.]

Attached to Plaintiffs' Ninth Amended Petition is an "Exhibit A." It states "All estimates figured from pictures, lists of issues, and/or visual inspections." On examination of Exhibit A, it does not include a total amount of any and all damages, and it includes a *question mark* in the amount column for certain categories of damages including "Medical," "Pain and Suffering," and "Attorney fees." Plaintiffs' Ninth Amended Petition also contains language stating that certain amounts are "estimates" or "Low est[imates]," and therein plaintiffs allege they may have "Possible additional charges." The Prayer in the Ninth Amended Petition concludes as follows:

> Plaintiffs . . . pray that . . . judgment be entered . . . for the economic and actual damages requested hereinabove for $99,500.00, plus *$100,000.00 plus* for repairs and loss of use of the home *of at least* $1,000.00 per month as well as all payments from the time of purchase until the time of trial, as well as consequential damages, treble damages and mental anguish *of at least* $250,000.00, *an amount in excess of the minimum jurisdictional limits of the Court*, together with prejudgment and post judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and

12

further attempt in the Ninth Amended Petition to specify amounts for several categories of their alleged damages and included a list of the alleged damages, they failed to include any statement from which the maximum amount of damages being sought by the plaintiffs can be determined, and they specifically failed to comply with the order of the trial court.

When the trial court properly sustains special exceptions and the plaintiff refuses or fails to amend in compliance with the trial court's order, the trial court does not err in dismissing the cause of action. *See McCaskell v. Methodist Hosp.*, 856 S.W.2d 519, 520 (Tex. App.—Houston [1st Dist.] 1993, no writ) (The trial court granted special exceptions for plaintiff's failure to plead a maximum amount of damages. Where the plaintiff had the opportunity to replead and correct the defect yet continued to plead for damages "in excess" of or "not less than" certain amounts in the amended petition, the trial court was authorized to strike the offending paragraphs and dismiss the suit.); s*ee also Cole*, 864 S.W.2d at 567 ("When a trial court properly sustains special exceptions and the plaintiff refuses to amend, the trial court does not err in dismissing the cause of action.").

After a litigant has been given multiple opportunities to correct deficient pleadings and the trial court sustains special exceptions and orders the party to

---

further relief to which the Plaintiffs may be entitled at law or in equity, whether pled or unpled under DTPA.
(emphasis added).

13

amend, a trial court does not abuse its discretion in dismissing the matter with prejudice. *See*, *e.g.*, *Perry v. Cohen*, 285 S.W.3d 137, 148 (Tex. App.—Austin 2009, pet. denied) (On remand from the Texas Supreme Court, the court of appeals held that the trial court did not abuse its discretion in dismissing the suit with prejudice. The appellants had multiple opportunities to amend and cure their deficient pleadings but failed to do so.); *Lentworth v. Trahan*, 981 S.W.2d 720, 722-23 (Tex. App.—Houston [1st Dist.] 1998, no pet.) ("Dismissal is properly made with prejudice . . . on the failure of a plaintiff to amend deficient pleadings when given that opportunity. . . ."); *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 823 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.) (There is no abuse of discretion when a trial court dismisses a suit with prejudice after the plaintiff is given an opportunity to amend his petition and refuses to do so.).[7]

_____

[7]Compare the facts in the case at bar to our recent ruling in *Sherwood v. Sherwood*, No. 09-13-00453-CV, 2014 WL 4105068 (Tex. App.—Beaumont Aug. 21, 2014, no pet.) (mem. op.). In *Sherwood,* we discussed the propriety of a "death penalty" sanction in the context of the respondent's failure to respond to discovery. There, we stated that "[a] death penalty sanction is permissible if it is 'no more severe than required to satisfy legitimate purposes.'" *Id.* at *3 (quoting *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992)). In *Sherwood*, the trial court failed to impose a lesser sanction before imposing the "death penalty sanction." *Id.* at **4-5. As a consequence, we concluded the trial court's judgment was improper "because the sanction deprived [appellant] of the opportunity to have the trial court hear evidence and adjudicate his . . . claim." *Id.* at *7.

The case at bar differs from *Sherwood* because this case does not involve the striking of a pleading for an alleged failure to respond to discovery, and it involves a trial court that gave the party numerous opportunities over a five-year period to correct the defective pleading and duly warned the party about the consequences of

14

Having reviewed the entire record before us, we conclude that the trial court did not act in an arbitrary or unreasonable manner. The trial court did not act without reference to guiding rules or principles in sustaining the special exceptions, in striking the pleading, or in dismissing the suit with prejudice. We overrule the point of error raised by the appellant and affirm the judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on October 22, 2014
Opinion Delivered January 29, 2015

Before McKeithen, C.J., Horton and Johnson, JJ.

---

the failure to amend. The Hoovers filed multiple amendments to their petition, yet they repeatedly failed to comply with each one of the trial court's orders instructing them to plead a "total maximum amount" in conformity with the orders. Furthermore, the trial court duly warned them of the consequences of failing to replead.