**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00310-CV**
_____

**IN THE INTEREST OF Z.M.S.**

On Appeal from the County Court at Law No. 3
Montgomery County, Texas
Trial Cause No. 19-04-05637-CV

**MEMORANDUM OPINION**

In her sole issue on appeal, Mother complains the trial court erred by dismissing her pleading as insufficient without hearing evidence. Mother contends that her First Amended Petition to Modify Parent-Child Relationship was sufficient and provides fair notice of her claim to lift the geographical restriction regarding her son, Z.M.S. [1] We reverse the trial court's order and remand the case for further proceedings consistent with this opinion.

---

[1]To protect the identity of the child, we use initials to refer to the child, and refer to his parents as "Mother" and "Father." *See* Tex. Fam. Code Ann. § 109.002(d).

1

BACKGROUND

Father filed an Original Petition in Suit Affecting Parent-Child Relationship requesting the trial court to confirm his parent-child relationship with Z.M.S., appoint him and Mother as joint managing conservators of Z.M.S., and establish a geographical area restricting Z.M.S.'s primary residence to Montgomery County. Mother and Father entered into an Agreed Temporary Order in Suit Affecting Parent-Child Relationship and to Confirm/Adjudicate Parentage, which, among other things, restricted Z.M.S.'s primary residence to Montgomery County during the suit's pendency. Mother filed an Original Counterpetition in Suit Affecting the Parent-Child Relationship, in which she requested that, in the event the parties failed to reach an agreement, the trial court shall make orders for conservatorship, possession, and access to the child.

After a contested divorce trial, the trial court issued an Order in Suit Affecting the Parent-Child Relationship (2020 Order), in which it appointed the parents as Z.M.S.'s joint managing conservators, awarded Mother the exclusive right to establish the primary residence of Z.M.S., and ordered her to reestablish Z.M.S.'s primary residence in Montgomery County by September 21, 2022, unless Father moved out of the county. The 2020 Order states that: (1) both parents have the right, subject to the consent of the other parent, to make educational decisions for Z.M.S.; (2) so long as either conservator maintains a residence in Montgomery County,

Z.M.S. shall be enrolled in and attend a public school in Montgomery County; (3) if Mother resides in Montgomery County, Z.M.S. shall be enrolled in a school zoned to her residence; and (4) if Mother does not reside in Montgomery County and Father does, Z.M.S. shall be enrolled and attend a public school in Montgomery County that is zoned to Father's residence, absent written agreement to the contrary.

Again, the 2020 Order contained a Domicile Restriction that required Mother to reestablish Z.M.S.'s primary residence in Montgomery County by September 21, 2022. On March 21, 2022, Mother filed a Petition to Modify Parent-Child Relationship, in which she requested that the trial court appoint the parents temporary joint managing conservators, designate her as the conservator who has the exclusive right to designate the child's primary residence, and award her the exclusive right to enroll Z.M.S. in school, all made necessary due to material and substantial changes since the 2020 Order. In his Original Answer, Father specially excepted to Mother's petition, complaining that it did not adequately inform him of the relief sought to afford him the opportunity to defend against her claims, and he requested that the trial court order Mother to replead by a certain date or suffer dismissal. More importantly, Father strongly opposed a modification of the conservators' rights and any changes to or elimination of the current geographic restriction. It should be noted that Father's special exceptions were never set for hearing.

On May 2, 2022, Mother filed a First Amended Petition to Modify Parent-Child Relationship, arguing that Z.M.S.'s circumstances had materially and substantially changed since the 2020 Order and that it was in Z.M.S.'s best interest to appoint the parents as joint managing conservators and designate her as the conservator who has the exclusive right to designate Z.M.S.'s primary residence and to enroll him in school. It should be noted that Father did not file special exceptions to Mother's First Amended Petition.

On May 10, 2022, the trial court signed a Scheduling Order and Notice of Intent to Dismiss setting the case for jury trial on October 31, 2022, which was forty-one (41) days after Mother was required to reestablish Z.M.S.'s primary residence in Montgomery County per the 2020 Order. Due to the above, on May 25, 2022, Mother filed a Motion for Preferential Setting or in the Alternative Motion for Stay, as well as a Motion for Temporary Orders, so that the matter could be heard before the September 21, 2022 deadline.

On September 1, 2022, the trial court conducted a pretrial hearing, during which Mother's counsel was not present. When the trial court asked Father's counsel what the subject of the modification was, Father's counsel responded:

> I believe, they're going to say that they want to change from her being the primary JMC to her being the primary JMC. I know. And I believe that they're going to ask that she have the exclusive right to make educational decisions, although she already has the exclusive right - - I mean, for - - to pick the school - - to enroll the child in school, although the Court granted her that in the modification in the very beginning - -

4

or in the original suit. So I honestly don't know. My plan is to bring that up at the appropriate time when trial starts because I don't really know.

On September 8, 2022, the trial court conducted a bench trial, and after both sides announced ready, Father moved to dismiss Mother's petition and argued there were no causes of action for the trial court to rule on. Father explained that Mother's petition only asked for her to be named as the joint managing conservator who has the right to designate Z.M.S.'s primary residence and to enroll him in school, which the 2020 Order already granted her. Mother argued that the 2020 Order required her to move Z.M.S. back to Montgomery County by September 21, 2022, and her petition requested that the trial court grant her the exclusive right to determine where Z.M.S. lived. Father argued that Mother failed to request a change to the geographical restriction requiring her to move to Montgomery County, which is a separate and distinct request that must be pleaded to support an order modifying a prior court order controlling the parents' rights. Mother admitted that she did not include a request to change Z.M.S.'s school enrollment in her pleading, and she asked to "move for a trial amendment and say that's comprehended in what we asked for." Father reiterated that there were no pleadings on file because Mother failed to request a modification of the geographical restriction requiring her to move to Montgomery County and enroll the child in school in Montgomery County, which required separate witnesses and discovery. Father did not agree to a trial by consent

5

on the issue because Mother failed to request a change to any of the terms or conditions of the geographical restriction. Mother agreed she already had the right to enroll Z.M.S. in school where she lived but requested that she be allowed to determine her residence in Van Zandt County and that the right to enroll Z.M.S. would "travel with it." It should be noted that the trial did not proceed or hear evidence, and the only discussion between the trial court and counsel for the parties dealt with Father's motion to dismiss Mother's petition for insufficient pleadings.

After reviewing the language in the 2020 Order, the trial court determined that a request to remove the geographical restriction had to be specifically pleaded and that it was not enough to plead the right to determine the primary residence. Therefore, the trial court judicially pronounced and rendered its order in open court on September 8, 2022, dismissing Mother's live pleadings without prejudice.

On September 14, 2022, Mother filed a new Petition to Modify Parent-Child Relationship, in which she requested that "the geographic restriction and the recital in the order be modified so that the Court can determine the appropriate County for the domicile of the child." Mother attached her counsel's Supporting Affidavit, averring that:

> The Petitioner has married and has developed a home with her husband and his child in Van Zandt County. The Order in this case requires the Petitioner to move to Montgomery County by the 21st day of September 2022. It requires that the petitioner move to an area [that is] zoned to the Woodlands School District. The child in this case is not of an age to be amenable to being enrolled in public school.

6

Petitioner prays that the order be stayed until a hearing on the merits can be held.

However, on September 20, 2022, the trial court signed an Order in Suit to Modify Parent-Child Relationship, granting Father's oral motion for dismissal based on Mother's failure to plead for affirmative relief, and dismissing Mother's First Amended Petition to Modify Parent-Child Relationship without prejudice. Mother also filed a Request for Findings of Fact and Conclusions of Law and a Motion for New Trial, but her Motion for New Trial was overruled by operation of law.

ANALYSIS

In her sole issue, Mother complains the trial court erred by dismissing her pleading as insufficient for failing to specifically plead her claim to lift the geographical restriction concerning Z.M.S. We review a trial court's decision to dismiss for insufficient pleadings under an abuse of discretion standard. *J.G. v. Jones*, 660 S.W.3d 786, 789 (Tex. App.—Dallas 2023, pet. filed); *Humphreys v. Meadows*, 938 S.W.2d 750, 753 (Tex. App.—Fort Worth 1996, writ denied). A trial court may not dismiss a case for a defect in a pleading unless it gives the plaintiff an opportunity to amend and cure the defect. *Jones*, 660 S.W.3d at 789 (citations omitted). If the plaintiff makes a good faith effort to amend, the trial court may not dismiss the amended petition unless the defendant files special exceptions to the revised pleadings, the trial court sustains the new special exceptions, and the trial

7

court gives the plaintiff an opportunity to amend the revised pleadings. *Id.* (citing *Humphreys*, 938 S.W.2d at 753) (other citations omitted).

"Texas is a 'fair notice' state, which means that all parties are entitled to fair notice of a claim." *In re Russell*, 321 S.W.3d 846, 855 (Tex. App.—Fort Worth 2010, orig. proceeding [mand. denied]); *see also* Tex. R. Civ. P. 45, 47; *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896–97 (Tex. 2000). A petition is sufficient if it provides fair notice of the facts upon which the pleader bases her claims. *Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 897 (citation omitted). The purpose of the fair notice rule is to provide the defendant with sufficient information to prepare a defense. *Id.* (citation omitted). Courts should liberally construe pleadings in favor of the pleader. *Id.*

The Texas Family Code requires a party's pleading to include "a statement describing what action the court is requested to take concerning the child and the statutory grounds on which the request is made[.]" Tex. Fam. Code Ann. § 102.008(b)(10). Texas Rule of Civil Procedure 301 requires a trial court's judgment to conform to the pleadings. Tex. R. Civ. P. 301. A trial court exceeds its authority if it modifies a previous order affecting the custody of a child without proper proceedings and evidence. *In re M.G.N.*, 491 S.W.3d 386, 406 (Tex. App.—San Antonio 2016, pet. denied) (citations omitted).

8

Mother's Original Petition did not include a request to lift or change the geographical restriction concerning Z.M.S., and after Father complained that Mother's petition did not adequately inform him of the relief sought, Mother had the opportunity to amend her petition. However, Father never set his special exceptions for a hearing and never obtained a ruling from the trial court. Mother filed a First Amended Petition to Modify Parent-Child Relationship, in which she failed to specifically request that the trial court modify its 2020 Order as to the restriction requiring her to move to Montgomery County and enroll the child in school in Montgomery County. However, Mother did request that the trial court award her the exclusive right to designate the primary residence of the child and to enroll the child in school. As such, we hold Mother's First Amended Petition provides fair notice of the facts upon which she bases her claims and is a good faith attempt to comply with Father's special exceptions. *See Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 897; *Jones*, 660 S.W.3d at 791; *Humphreys*, 938 S.W.2d at 753.

After Mother amended her pleading, Father failed to file new special exceptions to Mother's amended pleading. *See Jones*, 660 S.W.3d at 789–90; *Humphreys*, 938 S.W.2d at 753. Since Mother made a good faith effort to amend, the trial court could not dismiss her amended petition unless Father filed special exceptions to the revised pleadings, the trial court sustained the new special exceptions, and gave Mother an opportunity to amend her revised pleadings. *See*

9

*Jones*, 660 S.W.3d at 790-92 (citing *Humphreys*, 938 S.W.2d at 753). Since Father failed to file special exceptions to Mother's First Amended Petition, we conclude the trial court abused its discretion by dismissing Mother's amended petition without prejudice for failing to plead for affirmative relief. *See Jones*, 660 S.W.3d at 791–92; *Humphreys*, 938 S.W.2d at 754. We sustain Mother's sole issue. Accordingly, we reverse the trial court's order and remand the case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on July 5, 2023
Opinion Delivered August 10, 2023

Before Golemon, C.J., Horton and Wright, JJ.